**Mildred C. DeMEO**

v.

**Edwin B. GOODALL, M.D., personally; Huggins Hospital.**

**Robert R. DeMEO, M.D.**

v.

**Edwin B. GOODALL, M.D., personally; Huggins Hospital.**

**Civ. Nos. 85–723–D, 85–724–D.**

United States District Court, D. New Hampshire.

Aug. 1, 1986.

Andrew P. McEvoy, Concord, N.H., for plaintiff.

Theodore Wadleigh, Manchester, N.H., for defendant Huggins.

Michael P. Lehman, Concord, N.H., for defendant Goodall.

ORDER

DEVINE, Chief Judge.

In these actions, plaintiffs Mildred C. DeMeo and Robert R. DeMeo, M.D., have brought suit against defendants Edwin B. Goodall, M.D., as a representative and agent of Huggins Hospital and against Huggins Hospital. Plaintiffs seek monetary damages for the alleged defamatory statements of defendant Goodall contained in an evaluation prepared for defendant

Huggins Hospital. Plaintiffs are residents of Staten Island, New York, defendant Goodall is a resident of Wolfeboro, New Hampshire, and defendant Huggins is a hospital operating under New Hampshire law and conducting business in Wolfeboro, New Hampshire. Jurisdiction is founded on 28 U.S.C. § 1332, the citizenship of the parties being diverse and the amount in controversy exceeding ten thousand dollars exclusive of interest and costs.

Plaintiffs claim that the evaluation prepared and published by Dr. Goodall contained false and defamatory matter concerning Dr. DeMeo's ability as an ophthalmologist and stated that Mrs. DeMeo was an incompetent nurse anesthetist and an unsupportive spouse. Plaintiffs complain in Count I that defendant Goodall's evaluations contained false and defamatory matter, were prepared with malice and willful intent to injure, caused substantial injury to plaintiffs' social and professional reputations, and constituted defamation under state law. In Count II plaintiffs charge that defendants' actions constituted wrongful infliction of emotional distress under state law, and in Count III plaintiffs allege a loss of ability to enjoy life. Presently before the Court are both defendants' motions to dismiss Counts II and III, their motions to strike plaintiffs' request for exemplary or enhanced damages, and plaintiffs' objections thereto.

### Count II

Consideration of a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P., requires application of the rule that "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered if the plaintiff is not entitled to relief under any set of facts he could prove." *Chasan v. Village District of Eastman*, 572 F.Supp. 578, 579 (D.N.H.1983), *aff'd without opinion*, 745 F.2d 43 (1st Cir.1984) (citations omitted).

■ Upon review of plaintiffs' complaints and application of the above stan-

dard thereto, the Court finds and rules that New Hampshire law does not recognize a cause of action for wrongful infliction of emotional distress where the factual predicate sounds in defamation, and that defendants' motions to dismiss Count II must be granted.

Defendants in their motions to dismiss contend that an action for defamation will not support an independent cause of action for wrongful infliction of emotional distress and that the New Hampshire Supreme Court has never recognized a cause of action for either negligent or intentional infliction of emotional distress arising out of words alone. It should be noted that, contrary to defendants' assertion, New Hampshire law does provide a separate cause of action for both negligent, *see Corso v. Merrill*, 119 N.H. 647, 749, 406 A.2d 300 (1979), and intentional, *see Chamberlin v. 101 Realty, Inc.*, 626 F.Supp. 865 (D.N.H.1985), infliction of emotional distress. However, in light of *Chagnon v. Union Leader Corp.*, 103 N.H. 426, 174 A.2d 825 (1961), this Court holds that these actions may not be maintained concurrently with an action sounding in defamation.

In *Chagnon*, the New Hampshire Supreme Court discussed the available remedies in a defamation action where a single plaintiff had been damaged both professionally and personally. The court held that:

When the element of malice enters into the wrong 'the rule of damages is different and more liberal ... In such cases there enter into the question of damages considerations which cannot be made the subject of exact pecuniary compensation, —such as ... *mental distress* and vexation, what in common language might be spoken of as offences to the feelings, insult, degradation, offences against honest pride, and all matters which cannot arise except in those wrongs which are attended with malice.'

*Id.* at 442, 174 A.2d 825, *quoting Bixby v. Dunlap*, 56 N.H. 456, 462, 463 (1876) (emphasis added).

It is evident from the above that the Supreme Court includes emotional distress as one of the damages for defamation. As such, this Court is drawn to the conclusion that while plaintiffs may recover damages for emotional distress in a defamation action, a cause of action for negligent or intentional infliction of emotional distress may not be maintained concurrently therewith.

Even assuming *arguendo* that both causes of action could be brought concurrently, Count II fails to state a claim upon which relief may be granted. The Court notes first that plaintiffs ambiguously claim damages for "wrongful" infliction of emotional distress. The Court properly construes Count II as a claim for either negligent or intentional infliction of emotional distress. In *Corso v. Merrill, supra,* 119 N.H. at 649, 406 A.2d 300, the New Hampshire Supreme Court discussed the existence of the tort of negligent infliction of emotional distress. The court held that recovery is permitted only when the plaintiff is able to prove that

(a) his injury was foreseeable;

(b) defendant was at fault;

(c) his injury directly resulted from the accident;

(d) the emotional injury was directly attributable to the emotional impact of plaintiff's observation or contemporaneous sensory perception of the accident and immediate viewing of the accident victim; and

(e) the emotional injury has physical symptoms.

In *Corso,* the court addresses the question of whether parents who perceive that their child has been seriously injured and immediately observe the child at the accident scene can recover for emotional distress. This Court finds that *Corso* has application only in the context of a third party's contemporaneous observation and perception of an accident resulting from a defendant's tortious activity. The facts as alleged in the instant action, that plaintiffs suffered emotional distress as a result of defendant Goodall's evaluation, are thus not sufficient to plead a cause of action for negligent infliction of emotional distress.

This Court in *Chamberlin v. 101 Realty Inc., supra,* 626 F.Supp. at 868–69, held that the tort of intentional infliction of emotional distress does exist and noted that the elements for the cause of action are outlined in the Restatement (Second) of Torts § 46 (1965).[1] Comment h[2] thereof states that a court has the right to determine initially as a matter of law whether the challenged conduct is sufficient to state a cause of action upon which the plaintiff may recover. In determining whether defendants' conduct herein meets the "extreme and outrageous" standard, the Court finds instructive comment d of § 46, which states that "liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ford Motor Credit Co. v. Sheehan,* 373 So.2d 956, 958–59 (1979), serves as an example of the above. In *Ford Motor Credit Co.,* defendant credit company had telephoned plaintiff and, in order to obtain the address for plaintiff's son for credit purposes, falsely stated that plaintiff's grandchild had been involved in a car accident and defendant needed to know the son's address. The court held that defendant's conduct was reckless, extreme, and

1. This section of the Restatement (Second) provides:

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

2. It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous *to result in liability.*

outrageous, beyond all bounds of human decency, and that defendant was properly found to be liable for injuries resulting from such conduct.

The Court finds and rules in the instant case that defendants' evaluation of plaintiffs fails as a matter of law to meet the definition of outrageous conduct, that reasonable men would not differ as to this conclusion, and that plaintiffs' claim of intentional infliction of emotional distress must accordingly fail. The Court hereby finds and rules that plaintiffs' claim of negligent or intentional infliction of emotional distress is not supported by New Hampshire case law as a separate cause of action and that the defendants' motions to dismiss Count II must be granted.

### Count III

■ Defendants have also moved for dismissal with regard to Count III, which asserts a cause of action for loss of ability to enjoy life. Defendants contend that the New Hampshire Supreme Court has never recognized a cause of action for loss of ability to enjoy life and that plaintiffs' creative pleading seeks compensation for damages which are incapable of definition or assessment. Plaintiffs conversely contend that their Count III claim is based upon mental suffering generally and the loss of ability to enjoy life—in particular, that New Hampshire has recognized independent claims for mental suffering and will sustain an action for loss of ability to enjoy life, a form of mental suffering, under New Hampshire law, or, in the alternative, that an action of mental suffering under New Hampshire law introduces a matter of first impression.

The Court need not tarry with this creative but meritless count. After a thorough review of the relevant case law, the Court finds that New Hampshire law does not recognize a cause of action for loss of ability to enjoy life and that Count III of plaintiffs' complaints should be dismissed for its failure to state a cognizable cause of action.

### Motion to Strike

■ The defendants in their motions to strike contend that New Hampshire does not allow the recovery of punitive or exemplary damages for defamatory speech. It is well established in New Hampshire case law that punitive or exemplary damages are *not* awardable in the ordinary course, although liberal or enhanced compensatory damages reflecting aggravating circumstances may be awarded when the acts at issue involve wanton, malicious, or oppressive conduct. *Baker v. Dennis Brown Realty*, 121 N.H. 640, 645, 433 A.2d 1271 (1981); *Vratsenes v. New Hampshire Auto, Inc.*, 112 N.H. 71, 73, 289 A.2d 66 (1972). Such liberal damages are not awarded in every case involving an intentional tort, and the evidence must demonstrate actual malice; i.e., hatred, hostility, ill will, or evil motive on the part of the defendant. *Munson v. Raudonis*, 118 N.H. 474, 479, 387 A.2d 1174 (1978).

Accordingly, the Court rules that defendants' motions to strike plaintiffs' claim for damages is granted to the extent that the claim is for exemplary or punitive damages. To the extent that plaintiffs seek enhanced compensatory damages, the defendants' motions to strike must be denied.

### Conclusion

With respect to Count II, the Court grants defendants' motions to dismiss the wrongful infliction of intentional distress claim. With respect to Count III, the Court grants defendants' motions to dismiss regarding the claim for loss of ability to enjoy life. Finally, the Court grants defendants' motions to strike the portion of plaintiffs' complaint requesting exemplary damages and denies defendants' motions to strike the portion of plaintiffs' complaints requesting "enhanced damages".

SO ORDERED.