**Harvey BRYANT, Plaintiff,**

v.

**Wilbur HILST, M.D., Defendant.**

**Civ. A. No. 90–4101–S.**

United States District Court,
D. Kansas.

April 15, 1991.

Jerry R. Palmer, Palmer & Marquardt, Topeka, Kan., for plaintiff.

Thomas L. Theis, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., for defendant. ·

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on plaintiff's motion for review of a March 8, 1991, ruling of the United States Magistrate in this medical malpractice action. In his Memorandum and Order filed March 8, 1991, the Magistrate overruled plaintiff's motion for a protective order preventing counsel for defendant from communicating *ex parte* with plaintiff's treating physicians without the express written authorization of the plaintiff.

 This court's review of the Magistrate's March 8, 1991, Memorandum and Order is governed by the "clearly erroneous or contrary to law" standard contained in Rule 72(a) of the Federal Rules of Civil Procedure. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). Because the Magistrate's decision in question involves legal rather than factual issues, the "contrary to law" portion of the Rule 72(a) standard is implicated. Plaintiff, relying on arguments previously submitted to and considered by the Magistrate in plaintiff's motion for a protective order, contends that the Magistrate's order overruling his motion for protective order was contrary to law, arguing that *ex parte*

communications by defense counsel with plaintiff's treating physicians are contrary to physician-patient privilege and/or confidentiality. In support of his motion for a protective order, plaintiff cites physician ethical codes; some Kansas case law, including *Wesley Medical Center v. Clark*, 234 Kan. 13, 669 P.2d 209 (1983) and some unpublished decisions of Kansas district courts (copies of which were not attached to plaintiff's motion); case law from other jurisdictions; and plaintiff's constitutional right of privacy.

In his March 8, 1991, Memorandum and Order overruling plaintiff's motion for a protective order, Magistrate Ronald C. Newman stated the issue as "whether a litigant-patient, having put his medical condition in issue, may preclude the adverse party from *ex parte* communications with his health care providers, potential fact witnesses in the case." *Bryant v. Hilst*, No. 90-4101-S, slip op. at 2 (Magis.D.Kan., *unpublished*, March 8, 1991). Magistrate Newman employed a two-step analysis of the issue. First, and in reliance upon K.S.A. 60-427(d) [1] and *State v. Campbell*, 210 Kan. 265, 281, 500 P.2d 21 (1972), the Magistrate held that there was no privilege in this case which would preclude discovery.[2]

Second, and given the nonexistence of a privilege, the Magistrate concluded that the court should not exercise its supervisory powers over the discovery process to limit defendant's outside investigation of facts, based upon physician-patient confidentiality. In outlining his reasons for overruling plaintiff's motion for protective order, the Magistrate stated:

[i]f the court were to grant plaintiff's request, plaintiff's counsel would have unrestricted access to these witness [sic], but *by the court's order* defendant's counsel would not be allowed to inter-

---

**1.** K.S.A. 60-427(d) provides: "[t]here is no privilege under this section in an action in which the condition of the patient is an element or factor of the claim or defense of the patient or of any party claiming through or under the patient or claiming as a beneficiary or the patient through a contract to which the patient is or was a party."

**2.** The Magistrate distinguished plaintiff's cited Kansas case, *Wesley Medical Center v. Clark*, 234 Kan. 13, 669 P.2d 209 (1983), on the basis that in *Clark*, unlike the present case, a privilege was found to exist.

view these witnesses simply because they were treating physicians, although they are witnesses with nonduplicable information concerning major areas of the action, the plaintiff's medical condition, disabilities, damages and causation. ... One party generally may not limit the access of the other party to fact witnesses. The court believes that both parties should have unfettered access to fact witnesses and that informal discovery from these witnesses should be encouraged....

*Id.* at 7–8.

The court believes that the mandate of Fed.R.Civ.P. 1 is best observed by permitting **ex parte** communications with fact witnesses, including plaintiff's treating physicians. Further, the court does not believe that the confidential relationship of a patient, with his physician, is in any way undermined by the possibility of communications such as those which are the subject of this motion....

*Id.* at 8. The Magistrate concluded:

[t]he court does not, by this opinion, direct that any physician participate in any **ex parte** conference with a representative of any party. As with any fact witness, a treating physician may confer or refuse to confer with a litigant or his or her representative, including the patient's own attorney. The court does not believe, however, that either party is entitled to exercise any coercion to obtain a conference with a treating physician or to preclude one. The option is that of the witness. Should the witness choose to confer, he may be assured that there is no physician-patient privilege afforded by law as to plaintiff's medical condition or communications related thereto, whether directly related to plaintiff's medical condition giving rise to the litigation or otherwise.

*Id.* at 10.

Upon examination of the parties' arguments, the Magistrate's Memorandum and Order, and the applicable law, the court finds no basis for concluding that the Magistrate's Memorandum and Order of March 8, 1991 is contrary to law. The court finds that the Magistrate's interpretation that physician-patient privilege does not bar communication of the type sought by defense counsel is consistent with Kansas law, including K.S.A. 60–427(d), as made applicable to this case by Rule 501 of the Federal Rules of Evidence. The court finds plaintiff's arguments to the contrary to be unpersuasive. The court finds the Magistrate's rationale for allowing *ex parte* communications of the type sought here persuasive; for further elaboration of this issue, the court attaches Magistrate Newman's thoughtful opinion to this Memorandum and Order. In summary, the court finds that the Magistrate's decision should be affirmed; plaintiff's objections to the order will be overruled.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for review of the Magistrate's ruling and objection to the Magistrate's ruling of March 8, 1991 (doc. no. 56), is overruled and denied; the decision of the Magistrate is therefore affirmed.

## MEMORANDUM AND ORDER

RONALD C. NEWMAN, United States Magistrate Judge.

This matter is before the court on plaintiff's Motion for Protective Order, re: Ex Parte Communications Between Defense Counsel and Plaintiff's Treating Physicians. (Doc. 26) Defendant has filed his opposition to plaintiff's motion. (Doc. 28)

On May 24, 1990, plaintiff filed this personal injury, medical malpractice, action claiming damages as a result of defendant's negligent failure to make a timely diagnosis of plaintiff's colon cancer. Plaintiff now seeks a protective order preventing counsel for the defendant or its employees from communicating **ex parte** with plaintiff's treating physicians without the express written authorization of plaintiff. Plaintiff argues that defendant's communications with plaintiff's treating physicians should be limited to those either consented to by plaintiff by express authorization or, alternatively, available through discovery specifically permitted under the Federal

Rules of Civil Procedure. Plaintiff claims that the physician-patient relationship is confidential and that a privilege exists as to all communications made during the course of such relationship. Defendant argues that there is no such privilege upon the filing of a personal injury action and opposes entry of such an order claiming that the court should not restrict defendant's right to interview any willing witness **ex parte,** including plaintiff's treating physicians.

■ Plaintiff has the burden to establish the existence of the claimed privilege. Plaintiff does concede that there is no physician-patient privilege, in discovery or judicial proceedings, as to a condition which is an element or factor of the patient's claim, but claims that there is such a privilege as to other conditions which are not in issue. Plaintiff argues, that outside discovery or judicial proceedings, the privilege is absolute. Plaintiff cites, in support, the Kansas Interprofessional Code for Attorneys and Physicians adopted by the Kansas Medical Society and the Kansas Bar Association in 1958, the American Medical Association's Principles of Medical Ethics, and a section of a current opinion of the Judicial Council of the American Medical Association, all of which relate to the confidentiality of the physician-patient relationship. While plaintiff acknowledges that the Kansas Supreme Court has not spoken on this exact issue involved in this motion, plaintiff cites cases from other jurisdictions in support of his position.

■ Whether the physician-patient relationship is one of a confidential nature, is undisputed. However, this is not the issue before the court. The issue is whether a litigant-patient, having put his medical condition in issue, may preclude the adverse party from **ex parte** communications with his health care providers, potential fact witnesses in the case. Resolution of the issue is dependent on a two-step analysis. First, the court must determine whether the facts likely to be disclosed are protected from discovery in this case, *i.e.,* whether there is a privilege which would preclude discovery. If there is such a privilege, and the facts, therefore, are not subject to disclosure, the

issue is determined. Second, if the court determines that there is no such privilege, then the court must determine whether it should, in its overall supervision of the discovery process and the litigation, limit a parties' outside investigation of the facts related to the issues in dispute due to the confidential relationship between the physician and patient.

The first step is the determination of whether there is a physician-patient privilege to be protected in the action. In this regard, the federal court must look to state law to determine the existence of a privilege. Fed.R.Evid. 501 states:

... in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government State, or political subdivision thereof shall be determined in accordance with State law.

The parties agree that Kansas law should govern the issue of physician-patient privilege.

At common law, there was no physician-patient privilege and the physician, as well as the patient, could be compelled to testify to communications even though they were confidential. The privilege is strictly a creature of statute. Kansas has historically had such a statute. The statute has been strictly construed by the Kansas courts. *Armstrong v. Topeka R. Co.,* 93 Kan. 493, 144 P. 847 (1914); 1 Gard's Kansas C.Civ.Proc.2d Annot. § 60–427 (1979).

The current Kansas statute governing the physician-patient privilege is K.S.A. 1989 Supp. 60–427 which states in relevant part:

(b) Except as provided by subsections (c), (d), (e) and (f), a person, whether or not a party, has a privilege in a civil action ..... to refuse to disclose, and to prevent a witness from disclosing, a communication, if the person claims the privilege and the judge finds that: (1) The communication was a confidential communication between patient and physician; (2) the patient or the physician reasonably believed the communication necessary or helpful to enable the physician

to make a diagnosis of the condition of the patient or to prescribe or render treatment therefor; (3) the witness (i) is the holder of the privilege, (ii) at the time of the communication was the physician or a person to whom disclosure was made because reasonably necessary for the transmission of the communication or for the accomplishment of the purpose for which it was transmitted or (iii) is any other person who obtained knowledge or possession of the communication as the result of an intentional breach of the physician's duty of nondisclosure by the physician or the physician's agent or servant; and (4) the claimant is the holder of the privilege or a person authorized to claim the privilege for the holder of the privilege.

. . . .

(d) There is no privilege under this section in an action in which the condition of the patient is an element or factor of the claim or defense of the patient or of any party claiming through or under the patient or claiming as a beneficiary of the patient through a contract to which the patient is or was a party.

While the court is unable to locate any Kansas case directly on the issues now before the court, the Kansas court has addressed the general issue of the existence of the physician-patient privilege after the filing of an action involving the medical condition of the patient. In *State v. Campbell*, 210 Kan. 265, 281, 500 P.2d 21 (1972), the Kansas Supreme Court specifically stated that "there is no privilege under K.S.A.1971 Supp. 60–427(d) (physician-patient privilege) in an action in which the condition of the patient is an element or factor of the claim or defense of the patient." The court in *Campbell* followed the clear language of K.S.A. 60–427. There is no privilege in an action in which the condition of the patient is in issue. While a privilege is generally afforded under K.S.A. 60–427(b), it is removed under K.S.A. 60–427(d). It simply does not exist. Since there is no common law physician-patient privilege, there is no privilege available to plaintiff herein. Plaintiff's argument that there is a privilege as to conditions other than the condition in issue, is without merit. The statutory language, as well as that of the court, is without qualification. The issue is not waiver or partial waiver, there is simply no privilege available to the plaintiff.

Next, the court will address the issue of the **ex parte** communication with plaintiff's physicians, notwithstanding the lack of a privilege. Plaintiff relies on *Wesley Medical Center v. Clark*, 234 Kan. 13, 669 P.2d 209 (1983), in which the Kansas Supreme Court stated that consent of the patient is necessary, prior to disclosure of information, subject to the physician-patient privilege by **ex parte** communications. The case is inapplicable to the case at bar. In *Wesley*, the court acknowledged the existence of a privilege. In the matter before the court, there is no physician-patient privilege available to the plaintiff.

Plaintiff cites numerous cases from other jurisdictions in support of his position. While these cases are informative, they are not persuasive since the privilege is a matter of statutory law.

Plaintiff argues that a balancing test should be applied, balancing, as a matter of public policy, the confidentiality and sanctity of the physician-patient relationship on the one hand and defendant's need for relevant information on the other hand. While the court does not believe that such a test is required under either Kansas law or the Federal Rules of Civil Procedure, the court finds that when all factors are considered they weigh in favor of denying the requested relief. It is plaintiff that has placed his medical condition in issue in this action. Plaintiff's treating physicians and other health care providers are fact witnesses. What plaintiff requests is complete control over a group of fact witnesses. If the court were to grant plaintiff's request, plaintiff's counsel would have unrestricted access to these witnesses, but *by the court's order* defendant's counsel would not be allowed to interview these witnesses simply because they were treating physicians, although they are witnesses with nonduplicable information concerning major areas of the action, the plaintiff's medi-

cal condition, disabilities, damages and causation. Defendant's counsel would be limited to taking the deposition of any treating physician or foregoing the knowledge of evidence which might be material to the case. Defendant's counsel would always be required to expend the funds necessary to take a deposition in order to determine whether treating physicians are in possession of any facts material to the action. As a result, the costs to defendant would be materially increased to obtain the same facts available to plaintiff without deposition costs. Plaintiff would have regular access on multiple occasions to each witness, while defendant would be limited to a single "on the record" inquiry. There is no such similar circumstance with respect to other fact witnesses. One party generally may not limit the access of the other party to fact witnesses. The court believes that both parties should have unfettered access to fact witnesses and that informal discovery from these witnesses should be encouraged.

Fed.R.Civ.P. 1 provides that the rules of civil procedure are to be construed "to secure the just, speedy, and inexpensive determination of every action." There are no rules which bar or limit **ex parte** communications with fact witnesses. Informal discovery is expedient for both the witness and counsel. It is less expensive for the parties than formal discovery.

The court believes that the mandate of Fed.R.Civ.P. 1 is best observed by permitting **ex parte** communications with fact witnesses, including plaintiff's treating physicians. Further, the court does not believe that the confidential relationship of a patient, with his physician, is in any way undermined by the possibility of communications such as those which are the subject of this motion.

The court also finds guidance in the Kansas statute defining the physician-patient privilege. Subsection (b) of K.S.A. 60–427 provides that a person has a privilege *in a civil action to refuse to disclose or to prevent a witness from disclosing* a confidential communication between a patient and physician which either of them believed was necessary or helpful to enable the physician to make a diagnosis or to prescribe or render treatment. However, under subsection (d) there is no privilege under K.S.A. 60–427 *in an action* in which the condition of the patient is an element of the claim. First, the privilege, by its own terms, applies only during the pendency of an action at law and is one to preclude disclosure of physician-patient communications. Otherwise, the confidentiality of the relationship is presumed. Second, the privilege to preclude a physician from disclosing the confidential communication does not exist when an action is pending in which the condition of the patient is in issue. While the communication when it originated may have been confidential, once the action is filed the patient is not in a position to prevent its disclosure during the litigation.

▇▇▇▇ Plaintiff cites to the physicians' code of ethics by which the conduct of physicians is governed. The court finds the code of ethics inapplicable to the issues before the court. First, it is not binding law. Second, the issue is not whether the physician-patient relationship is confidential, it is whether there is a privilege in the patient to prevent the disclosure of information related to the patient. While the information is clearly confidential, when the patient files an action placing his medical condition in issue, the patient no longer has the right to preclude the physician from disclosing, to the adverse party in that litigation, facts related to the physician-patient relationship, notwithstanding the confidentiality which continues to exist as to disclosure to persons not related to the pending litigation. The physician is simply released from the constraints of the confidential relationship for the purposes of the litigation. Had the legislature intended otherwise, it would have so provided.

The court does not, by this opinion, direct that any physician participate in an **ex parte** conference with a representative of any party. As with any fact witness, a treating physician may confer or refuse to confer with a litigant or his or her representative, including the patient's own attor-

ney. The court does not believe, however, that either party is entitled to exercise any coercion to obtain a conference with a treating physician or to preclude one. The option is that of the witness. Should the witness choose to confer, he may be assured that there is no physician-patient privilege afforded by law as to plaintiff's medical condition or communications related thereto, whether directly related to plaintiff's medical condition giving rise to the litigation or otherwise.

Plaintiff argues that his constitutional right to privacy is impacted by **ex parte** contacts with treating physicians. The court finds plaintiff's privacy arguments to be without merit.

The court therefore overrules plaintiff's motion for protective order.

Copies of this order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.

Dated at Topeka, Kansas, this 8th day of March, 1991.