**Robert P. LAKE, Plaintiff,**

v.

**John H. STEEVES, Defendant.**

No. 93–1245–FGT.

United States District Court,
D. Kansas.

March 11, 1994.

William A. Hensley, III, Law Offices of William A. Hensley, Wichita, KS, for plaintiff and Robert P. Lake, Montrose, CO, plaintiff pro se.

Randy J. Troutt, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, KS, for defendant.

ORDER

REID, United States Magistrate Judge.

On February 22, 1994, defendant filed a motion for an order granting ex parte interviews with treating physicians (Doc. 13–14). A response was filed on March 9, 1994 (Doc. 17).

The issue of ex parte interviews of treating physicians was first raised in this district in the case of *Colby v. Eli Lilly and Company,* No. 81–1542 (D.Kan. Dec. 15, 1982). In that opinion, Judge Crow held that the plaintiff had waived the physician-patient privilege by bringing an action in which her medical condition was an element of her claim. Under the Federal Rules of Civil Procedure, the court concluded that the "defendant would be entitled to privately interview a treating physician/fact witness, the same as he would be entitled to interview any other witness prior to depositions." *Colby,* slip op. at 4.

This issue was again raised in the case of *Clark v. Homrighous,* 136 F.R.D. 186 (D.Kan.1991). Relying on Judge Crow's opinion in *Colby,* Magistrate Judge Reid held that no physician-patient privilege existed since the condition of the patient (plaintiff) was an element or factor in his claim and that the Federal Rules of Civil Procedure do not bar informal, private interviews of witnesses not designated as experts. Therefore, ex parte interviews with plaintiff's treating physicians would be permitted. However,

counsel was directed to inform any non-expert treating physician of their right to decline to be privately interviewed. In an appeal to Judge Theis, that order was affirmed.

■ In the case of *Bryant v. Hilst*, 136 F.R.D. 487 (D.Kan.1991), Judge Saffels affirmed a decision of Magistrate Judge Newman which held that ex parte interviews of treating physicians would be permitted. In a well-reasoned opinion, Judge Newman, relying on the clear language of K.S.A. 60–427(d), held that "[t]here is no privilege in an action in which the condition of the patient is in issue." *Bryant*, 136 F.R.D. at 491. Judge Newman then reviewed the Federal Rules of Civil Procedure and determined that they do not bar or limit ex parte communications with fact witnesses. In fact, informal discovery is expedient for both the witness and counsel. It is less expensive for the parties than formal discovery. *Id.* at 492. However, as with any fact witness, a treating physician may confer or refuse to confer with a litigant or his or her representative. No party is entitled to exercise any coercion to obtain a conference with a treating physician or to preclude one. *Id.* at 492–93.

■ This court continues to follow the practice of allowing ex parte interviews of treating physicians who are not listed as expert witnesses. *Dodd–Anderson v. Stevens*, No. 92–1015–MLB, 1993 WL 135426 (D.Kan. Apr. 2, 1993); *Evertson v. Dalkon Shield Claimants Trust*, No. 82–1021–MLB (D.Kan. Mar. 31, 1993). The *Evertson* opinion was appealed to Judge Belot. In *Evertson v. Dalkon Shield Claimants Trust*, No. 82–1021–MLB, 1993 WL 245972 (D.Kan. June 2, 1993), Judge Belot affirmed the decision of this court. Judge Belot also found that there is no physician-patient privilege in which the condition of the patient is an element or factor of the claim or defense of the patient. The court cited *Colby, Clark,* and *Bryant* in its decision to follow the "established law of this District" *Evertson*, slip op. at 5 (D.Kan. June 2, 1993) that ex parte communications of treating physicians not listed as experts is permitted under the Federal Rules of Civil Procedure.

Plaintiff has attached to their motion for additional time to file their response an order in the case of *Simpson v. Bridgestone/Firestone, Inc.*, No. 93–2082–JWL (D.Kan. Oct. 21, 1993). The brief three page order did not allow defendant to conduct ex parte interviews with treating physicians. The court held that the waiver of the physician-patient privilege under K.S.A. 60–427(d) was not absolute, but that unrelated matters may still remain privileged. The opinion did not discuss any of the authority cited above, and did not provide the rationale for its conclusion that the 60–427(d) operates as only a partial waiver of the physician-patient privilege. As the Kansas Supreme Court clearly stated in the case of *State v. Campbell*, 210 Kan. 265, 281, 500 P.2d 21 (1972), "... there is *no* privilege under K.S.A.1971 Supp. 60–427(d) (physician-patient privilege) in an action in which the condition of the patient is an element or factor of the claim or defense of the patient" (emphasis added). Both the statutory language and the language of the Kansas Supreme Court is without qualification. "The issue is not waiver or partial waiver, there is simply no privilege available to the plaintiff." *Bryant*, 136 F.R.D. at 491. The court would note that the *Simpson* opinion has not been published, nor has it been made available on either Westlaw or Lexis.

■ The response of plaintiff blindly ignores the established case law of this district. Plaintiff first argues that "nothing in the Kansas Code of Civil Procedure ... provides for informal ex parte interviews." (Doc. 17 at 3). However, the Kansas Code of Civil Procedure does not govern in this case. While Kansas state law governs the type and scope of privileges for civil actions subject to state substantive law, *see* Fed.R.Evid. 501, the method for discovering unprivileged material is entirely a matter of procedure governed by the Federal Rules of Civil Procedure. *Evertson*, slip op. at 4 (D.Kan. June 2, 1993). Therefore, the argument is without merit.

■ The remainder of the response sets forth various policy reasons, citing opinions from other jurisdictions, for not allowing ex parte interviews of treating physicians not listed as experts. However, as stated above,

there is no privilege under Kansas law since plaintiff has placed his medical condition in issue by filing this lawsuit. In addition, the Federal Rules of Civil Procedure do not bar informal discovery; they simply provide a mechanism for formal discovery. Given that the law is clear and unambiguous, it is not for the court to either amend the state privilege statute by placing limits on K.S.A. 60–427(d), or on the Federal Rules of Civil Procedure by barring certain types of informal discovery. Under our constitutional framework, federal courts do not sit as councils of revision, empowered to rewrite legislation in accord with their own conceptions of prudent public policy. Only when a literal construction of a statute yields results so manifestly unreasonable that they could not fairly be attributed to congressional design will an exception to statutory language be judicially implied. *United States v. Rutherford*, 442 U.S. 544, 555, 99 S.Ct. 2470, 2477, 61 L.Ed.2d 68 (1979). What plaintiff seeks is a change in K.S.A. 60–427(d) and/or the Federal Rules of Civil Procedure. Plaintiff should direct their arguments to the Kansas legislature or the rule making authority of the federal courts. In fact, following the court decisions in *Colby, Clark,* and *Bryant,* the Kansas Trial Lawyers Association attempted unsuccessfully during the 1992 Kansas legislative session to amend K.S.A. 60–427(d) in an effort to prevent such ex parte communications. Mary Droll Feighny, *The Physician–Patient Privilege: May Defense Counsel Conduct Ex Parte Interviews with Plaintiff's Treating Physician?*, Kansas Bar Association Journal 36, 38 (Sept./Oct. 1992). The fact that the legislature has chosen not to amend K.S.A. 60–427, even though this very issue has been brought to their attention, indicates that the legislature does not dispute the judicial interpretation of that statute in *Colby, Clark,* and *Bryant,* and that the legislative intent has been correctly discerned. *United States v. Rutherford,* 442 U.S. at 554 n. 10, 99 S.Ct. at 2476 n. 10. The courts should not be an avenue to make policy changes when the legislature has decided not to make such a change.

IT IS THEREFORE ORDERED that counsel may conduct ex parte, or private interviews with treating physicians who are not listed as expert witnesses, but only after informing those treating physicians of their right to decline to be privately interviewed and providing them with a copy of this order.