**Mary Lou MATZKE, Plaintiff,**

v.

**MERCK & CO., INC., Defendant.**

**No. 93–1182–FGT.**

United States District Court, D. Kansas.

Dec. 21, 1994.

ORDER

REID, United States Magistrate Judge.

On November 14, 1994, defendant filed a motion for ex parte interviews with plaintiff's health care providers and to compel execution of medical authorization (Doc. 31–32). On November 16, 1994, this court issued a show cause order relating to the motion. Plaintiff filed their response to the show cause order on December 5, 1994 (Doc. 35). Defense counsel has also forwarded to plaintiff's counsel a medical authorization to be signed by the plaintiff.

Plaintiff's response indicates that they do not object to the order this court set in *Lake v. Steeves*, 161 F.R.D. 441 (D.Kan.1994). The court will therefore permit ex parte interviews as set forth in *Lake*.

Defendant also seeks to compel plaintiff to execute a medical authorization. However, this court has never required a party to sign a medical authorization. The court will not require a party to sign a medical authorization that will permit ex parte interviews; a party should remain free to object to having their treating physician participate in ex parte interviews. The order of this court simply permits a party to approach a treating physician of another party and seek to conduct an ex parte meeting or interview. While informal discovery is not prohibited or barred under the Federal Rules of Civil Procedure, neither is informal discovery re-

quired or mandated. Thus, a party can attempt to conduct such discovery, but the treating physician has a right to object, and the party who was treated can object or not consent to such interviews.

IT IS THEREFORE ORDERED that counsel may conduct ex parte, or private interviews with treating physicians who are not listed as expert witnesses, but only after informing those treating physicians of their right to decline to be privately interviewed and providing them with a copy of this order.

IT IS FURTHER ORDERED that plaintiff does not have to provide a medical authorization.

Copies of this order shall be mailed to counsel of record for the parties.