Young v. Conductron                    CV-94-629-JD  06/06/95 P

UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Marlaine Young, et al.

     v.                                    Civil No. 94-629-JD

Conductron Corp., et al.


                            O R D E R

     The plaintiffs initiated this action to recover damages

related to the termination of their employment with defendant

Conductron Corp.  By order of March 8, 1995, the magistrate judge

denied the plaintiffs' motion to amend their complaint to include

state law claims for intentional infliction of emotional distress

and for negligent infliction of emotional distress.  Young v.

Conductron Corp., 94-629-JD, pretrial order at 3-5 (D.N.H. March

8, 1995).  Before the court is the plaintiffs' motion to

reconsider that order with respect to the claims of intentional

infliction of emotional distress against defendants Howanski and

Eagle (document no. 11).

                          Discussion

     The court's consideration of an objection to a magistrate

judge's denial of a motion to amend is governed by Rule 72(a).

E.g., Morin v. Combustion Eng. Inc., No. 87-367-L, slip op. at 6-

7 (D.N.H. May 3, 1989).  The rule provides that

> [a] magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred shall . . . enter into the record a written order setting forth the disposition of the matter . . . . The district judge to whom the case is assigned shall consider [timely] objections and shall modify or set aside that portion of the magistrate judge's order found to be <u>clearly erroneous or contrary to law</u>.

Fed. R. Civ. P. 72(a) (emphasis supplied); <u>see</u> 28 U.S.C.A. § 636(b)(1) (West 1993); <u>Quaker State Oil Ref. v. Garrity Oil</u>, 884 F.2d 1510, 1517 (1st Cir. 1989); <u>Blinzler v. Marriott Int'l, Inc.</u>, 857 F. Supp. 1, 2-3 (D.R.I. 1994).

A magistrate judge's factual finding is considered clearly erroneous when it is contrary to the "clear weight of the evidence or when the court has a `definite and firm conviction that a mistake has been committed.'" <u>Blinzler</u>, 857 F. Supp. at 3 (quoting <u>Holmes v. Bateson</u>, 583 F.2d 542, 552 (1st Cir. 1978)). However, where a dissatisfied litigant objects to a magistrate judge's legal ruling the court considers whether the ruling was contrary to law. <u>E.g.</u>, <u>Bryant v. Hilst</u>, 136 F.R.D. 487, 488 (D. Kan. 1991). The court is empowered to modify or set aside any factual or legal ruling of a magistrate judge which does not survive application of the clearly erroneous or contrary to law standard of Rule 72(a). <u>E.g.</u>, <u>Blinzler</u>, 857 F. Supp. at 2.

The magistrate judge ruled that the complaint could not be amended to include claims for the intentional infliction of

2

emotional distress because the exclusivity provision of the state workers' compensation statute, N.H. Rev. Stat. Ann. ("RSA") § 281-A:8 et seq., bars the plaintiffs from asserting such a claim. Young v. Conductron, pretrial order at 2-4 (D.N.H. March 8, 1995).

The plaintiffs have filed a timely objection to certain rulings contained in the pretrial order and the court reviews the rulings to determine whether they are contrary to law.[1]

I.   Claims Against Defendant Howanski

Under the workers' compensation act,

I.  An employee of an employer subject to this chapter . . . [has] waived all rights of action whether at common law or by statute or provided under the laws of any other state or otherwise:
     (b) Except for intentional torts, against any officer, director, agent, servant or employee acting on behalf of the employer.

RSA § 281-A:8 (Supp. 1994).  Thus, employees are precluded from asserting negligence claims, but still may assert intentional

_____

[1]The defendants argue that the instant motion is untimely as it was not filed within ten days of the date of the pretrial order in accordance with the court's local rules.  Defendants' Objection to Motion to Reconsider at ¶ 4.  However, to avoid conflict with Rule 72(a), which permits the filing of an objection within ten days after the objecting party is served with the pretrial order, it has been the practice of the court to allow parties to file within thirteen business days of the date of the pretrial order.  Accordingly, the plaintiffs' objection was filed timely on March 22, 1995.

3

tort claims, against co-employees.  <u>Thompson v. Forest</u>, 136 N.H. 215, 219-22, 614 A.2d 1064, 1067-68 (1992).  The court finds that, contrary to the ruling of the magistrate judge, the workers' compensation statute does not bar the plaintiffs from asserting an intentional tort claim against defendant Howanski, a co-employee.

The defendants respond that New Hampshire law does not permit plaintiffs to maintain concurrently an action for defamation and an action for intentional infliction of emotional distress.  Defendants' Objection to Motion for Reconsideration at ¶¶ 16, 17 (citing <u>DeMeo v. Goodall</u>, 640 F. Supp. 1115, 1116 (D.N.H. 1986)).

The defendant is correct that the <u>DeMeo</u> court barred a plaintiff from asserting both a defamation claim and an infliction of emotional distress claim where the "factual predicate" for each claim sounded in defamation.  640 F. Supp. at 1116-17.  However, the proposed amendments to the complaint in this case appear to allege extreme and outrageous conduct <u>beyond</u> defamatory statements, such as the allegations concerning the sexually hostile work environment.  <u>E.g.</u>, Amended Complaint at ¶ 23 ("During Ms. Young's employment with Conductron, an officer of Conductron repeatedly solicited Ms. Young to provide prostitution services for customers of Conductron.").  The court finds that

4

the plaintiffs' proposed intentional infliction of emotional distress claim against Howanski would not necessarily be futile under New Hampshire law.[2]  Consistent with the policy that amendments are to be liberally granted, Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983), the court grants the plaintiffs' motion to amend their complaint to assert a claim for the intentional infliction of emotional distress against defendant Howanski.

II.  Claims Against Defendant Eagle

The plaintiffs next object to the magistrate judge's refusal to allow them to amend the complaint to assert a claim for intentional infliction of emotional distress against defendant Eagle.  Plaintiffs' Motion for Reconsideration at ¶ 5.[3]  The plaintiffs have alleged that Eagle is the corporate parent of defendant Conductron.  Amended Complaint at ¶ 5.

_____

[2]The court may consider in the context of the appropriate dispositive motion whether the plaintiffs have demonstrated that one or more defendants engaged in conduct so extreme or outrageous as to permit recovery as a matter of law.  See Brewer v. K.W. Thompson Tool Co., 647 F. Supp. 1562, 1566-67 (D.N.H. 1986) (granting summary judgment for defendant, court noted "[i]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery").

[3]The plaintiffs do not dispute that the exclusivity provisions bar an intentional infliction of emotional distress claim against Conductron.

The magistrate judge correctly concluded that claims of intentional infliction of emotional distress against an employer are generally barred by the workers' compensation statute. Young v. Conductron Corp., pretrial order at 3-4 (D.N.H. March 8, 1995) (citing Censullo v. Brenka Video, Inc., 989 F.2d 40, 43 (1st Cir. 1993)). However, the corporate parent of the employer is only entitled to invoke employer immunity where it "can demonstrate that it is the alter ego of its subsidiary." Leeman v. Boylon, 134 N.H. 230, 234, 590 A.2d 610, 612-13 (1991) (emphasis in original). The defendant Eagle has neither alleged nor adduced facts indicating that it is entitled to employer immunity under an alter ego theory. See Defendants' Objection to Motion for Reconsideration. The court finds that, contrary to the ruling of the magistrate judge, the workers' compensation statute does not bar the plaintiffs from asserting an intentional tort claim against defendant Eagle.

In its objection, Eagle argues that any claim asserted against it for intentional infliction of emotional distress is futile because the plaintiffs have failed to allege conduct sufficiently egregious to warrant recovery under New Hampshire law. Defendants' Objection to Motion for Reconsideration at ¶¶ 10, 11, 12. The court disagrees. First, the plaintiffs appear to allege conduct, such as that involving a continuing pattern of

6

sexual discrimination, which could be construed as extreme and outrageous. E.g., Amended Complaint at ¶ 35. Second, the court need not determine at this time whether the claim is sufficiently viable to be submitted to a jury as that question properly is addressed in the context of a dispositive motion. See supra note 2. The court finds that the proposed intentional infliction of emotional distress claim against Eagle would not necessarily be futile and, thus, grants the plaintiffs' motion to amend.

## Conclusion

The plaintiffs' motion for reconsideration (document no. 11) is granted and the March 8, 1995, order is modified as follows.

The complaint may be amended to include a claim by each plaintiff for the intentional infliction of emotional distress against defendant Howanski and defendant Eagle. However, the court cannot determine from the pleadings whether plaintiff Clarke seeks to assert such a claim against defendant Eagle.

Compare Amended Complaint at ¶¶ 116-119 (no claim stated against Eagle) with Plaintiffs' Motion to Amend at intro. and ¶ 1 (claim stated by each plaintiff against each defendant). The plaintiffs shall file within ten (10) days a second amended complaint

7

clearly crafted to place the defendants on notice of which claims are asserted against which defendants.  <u>See</u> Fed. R. Civ. P. 8.


        SO ORDERED.


                                        _____
                                        Joseph A. DiClerico, Jr.
                                        Chief Judge
June 6, 1995

cc:  Maureen K. Bogue, Esquire
     James E. Higgins, Esquire
     Joel H. Kaplan, Esquire