Peggy **ALLENDER**, Plaintiff,

v.

**RAYTHEON AIRCRAFT COMPANY,
Defendant.**

No. 03–1396–JTM.

United States District Court,
D. Kansas.

April 2, 2004.

Jim Lawing, Wichita, KS, for Plaintiff.

Deena Hyson Bailey, Terry L. Mann, Martin, Pringle, Oliver, Wallace & Bauer, LLP, Wichita, KS, for Defendant.

### MEMORANDUM AND ORDER

HUMPHREYS, United States Magistrate Judge.

This matter is before the court on plaintiff's "motions to quash subpoenas and to

1. The motion shown as docket entry 34 is identical to docket entry 33. For editorial clarity, the court will refer to docket entries 33 and 34 as a single motion.

2. Plaintiff apparently had a history of work absences and Raytheon rejected plaintiff's FMLA

delay deposition." (Doc. 33 and 34).[1] Defendant opposes the motion. Both parties requested oral argument which was heard on March 26, 2004. Jim Lawing appeared on behalf of plaintiff. Terry Mann and Deena Hyson Bailey appeared for Raytheon. As explained in greater detail below, the court construes plaintiff's motion as a request for 1) a protective order and 2) sanctions for discovery misconduct. The following background provides context for the motion and the court's ruling.

### BACKGROUND

Plaintiff began working for Raytheon in 1987. Raytheon terminated her in September 1999 for violating its attendance policy. Plaintiff contends that defendant's termination decision violated the Family Medical Leave Act (FMLA). In support of her claim, plaintiff alleges that she suffered a dental injury in 1998 which caused chronic pain and required ongoing treatment by a health care provider. In late August and early September 1999, plaintiff missed work for seven days and requested FMLA leave based on medical issues related to her dental injury. Although plaintiff submitted a doctor's statement and various medical records to support her FMLA leave request, Raytheon rejected plaintiff's request and terminated her for violating its attendance policy.[2]

On December 9, 2003, the court conducted a scheduling conference pursuant to Fed. R.Civ.P. 16(b). Plaintiff raised the scope of defendant's discovery concerning medical records as an issue at the conference. Specifically, plaintiff 1) argued that the relevant medical records were those already in defendant's possession at the time of her termination and 2) objected to unfettered discovery of her medical records. Defendant countered that all of plaintiff's medical records were relevant. Because the parties ar-

leave request based on its conclusion that she did not suffer from a "serious health condition that makes the employee unable to perform the functions of the position of such employee" as defined in 28 U.S.C. § 2612(a)(1)(D) and § 2611(11). See Plaintiff's Petition, Doc. 5.

gued "relevance" in the broadest terms with few specifics regarding the claims and defenses, the court concluded that the relevance issue would be better evaluated after the defendant initiated its formal discovery requests and plaintiff had an opportunity to object. Accordingly, the court directed defendant 1) to first provide plaintiff with copies of the medical records in its possession when it made its termination decision and 2) thereafter to proceed with formal written discovery.

Defendant provided copies of its records to plaintiff as ordered. However, with respect to formal discovery, defendant served Rule 45 document subpoenas on plaintiff's healthcare providers for "any and all" medical records *without providing prior notice to plaintiff.* Plaintiff moves to quash the subpoenas and requests sanctions, arguing 1) the subpoenas were issued without notice to plaintiff, 2) the requested records contain privileged information that is not relevant and 3) the subpoenas were issued in violation of Rule 26. Plaintiff also requests an order limiting the scope of deposition questions to her regarding her medical history. Defendant opposes the motion, arguing that 1) prior notice is not required before serving a Rule 45 subpoena for document production, 2) any privilege has been waived, and 3) the motion is untimely. Additional facts are contained within the analysis of the parties' arguments.

## ANALYSIS

### 1. Rule 45 Document Subpoenas and Notice

■ On January 12, 2004 (barely one month after the scheduling conference), defendant served five subpoenas on plaintiff's healthcare providers commanding the production of "any and all" medical records concerning plaintiff by "January 27, 2004 by 5:00 p.m." No notice of an intent to issue subpoenas was provided to plaintiff prior to service of the subpoenas. It appears from the docket that plaintiff received e-mail notice that defendant had filed "Returns of Service" on January 15, 2004, three days after the subpoenas were issued.[3] In response to the subpoenas, the Wichita Clinic delivered 230 pages of medical records to defense counsel on January 26, 2004 and the Wesley Medical Center delivered 295 pages of medical records to defense counsel on February 23, 2004.[4] Plaintiff filed her motion to quash on March 2, 2004. Prior to hearing oral arguments the court reviewed the medical records in camera.

As noted above, defendant contends that Fed.R.Civ.P. 45 does not require prior notice to plaintiff before serving a subpoena on a non-party for the production of documents. Defendant's position is without merit. Rule 45(b)(1) expressly provides otherwise:

> *Prior notice* of any commanded production of documents and things or inspection of premises before trial *shall be served* on each party in the manner prescribed by Rule 5(b). (Emphasis added).

On its face, Rule 45(b)(1) requires "prior" notice of any commanded production of documents.

Despite the unambiguous language of this rule, defendant argues that notice to plaintiff *prior to the production date* listed in the subpoena is sufficient. The Tenth Circuit has rejected this identical argument. *Butler v. Biocore Medical Technologies, Inc.,* 348 F.3d 1163 (10th Cir.2003). In *Biocore,* plaintiff's counsel served notice of his subpoenas before the *production date* and argued that Rule 45(b)(1) did not require notice prior to *service* of subpoenas on third parties. Because the Tenth Circuit's ruling is directly on point, the applicable language is quoted at length:

> Finally, we turn [to] Butler's second argument, that he did not violate Fed. R.Civ.P. 45(b)(1), and, for the reasons de-

---

**3.** *See* "Return of Service," Doc. 15 & 17. This district converted to an electronic filing system (CM/ECF) in the spring of 2003.

**4.** Of the three remaining subpoenas, Dr. Mukhtar Shah stated that he had no records concerning plaintiff. With respect to the Wichita Rehabilita-tion Clinic, plaintiff signed a release of information form and does not object to that subpoena. For reasons unexplained, no records have been produced by the final healthcare provider, Steven Twietmeyer, DDS.

tailed below, find it unconvincing. **We review a trial court's interpretation of the Federal Rules of Civil Procedure *de novo.*** *Espinoza v. United States,* 52 F.3d 838, 840 (10th Cir.1995). The district court held that "prior notice" under Rule 45(b)(1) requires notice be given prior to service rather then prior to production. *Biocore,* 181 F.R.D. at 667 (citing *Callanan v. Riggers & Erectors, Inc.,* 149 F.R.D. 519, 519 (D.Vi.1992); *[United States v.] Santiago–Lugo,* 904 F.Supp. 43, 47 (D.P.R.1995); *Spencer v. Steinman,* 179 F.R.D. 484, 488 (E.D.Pa.1998); *Seewald v. IIS Intelligent Info. Sys., Ltd.,* 1996 WL 612497, Nos. 93 CV 4252(FB), 95 CV 824(FB), & 94 CV 3603(FB), (E.D.N.Y., Oct. 16, 1996)). The court based its reasoning on its observation that "the purpose behind the notice requirement is to provide opposing counsel an opportunity to object to the subpoena." *Biocore,* 181 F.R.D. at 667. A contrary interpretation of Rule 45(b)(1), as noted by the district court, "would allow a party to mail notice to opposing counsel one day prior to the date of compliance, effectively prohibiting counsel from responding." *Id.*

Further, the 1991 Advisory Committee Notes to Rule 45 indicate that the purpose of the notice requirement is to provide opposing parties an opportunity to object to the subpoena. For an objection to be reasonably possible, notice must be given well in advance of the production date. Finally, we note that two other district courts have reached the same conclusion as the district court did below. *See Schweizer v. Mulvehill,* 93 F.Supp.2d 376, 411 (S.D.N.Y.2000) (citing 9 *Moore's Federal Practice* ¶ 45.03[4][b] (3d ed.2000)); *Murphy v. Bd. of Educ. of Rochester Sch. Dist.,* 196 F.R.D. 220, 222–23 (W.D.N.Y. 2000) (also citing *Moore's Federal Practice*). **We therefore agree that Rule 45(b)(1) requires notice to be given prior to service of a subpoena.**

In this case, the district court found that Butler failed to serve Biocore with prior notice of three subpoenas-mailing notice for two subpoenas ten days after service and mailing notice for one subpoena seven days after service. *Biocore,* 181 F.R.D. at 667. In so doing, Butler violated Fed. R.Civ.P. 45(b)(1).

*Biocore Medical Technologies, Inc.,* 348 F.3d at 1173 (Emphasis added, footnotes omitted).

*Biocore* is controlling precedent which this court is obligated to follow.[5] Defendant's failure to give notice to plaintiff prior to serving its subpoenas is a violation of Rule 45(b)(1).

## 2. Waiver of Privilege

Defendant argues at length that plaintiff placed her medical status in controversy in this case; thus, she waived any privilege concerning her medical records and her objection should be denied. *See, e.g., Gilbreath v. Guadalupe Hospital Foundation, Inc.,* 5 F.3d 785 (5th Cir.1993)(no physician-patient privilege under federal law); *Lake v. Steeves,* 161 F.R.D. 441 (D.Kan.1994)(a plaintiff waives the physician-patient privilege where medical condition is an element of claim). Defendant's "waiver" argument is misguided and a red herring. The focus of plaintiff's objection is relevance, not privilege.[6]

Unfortunately, the parties' arguments concerning relevance remain vague and difficult to discern. For example, defendant concedes that medical records concerning plaintiff's labor and delivery in 1989 "probably" have no relevance. On the other hand, defendant asserts that "some" medical records in 1993 might be relevant to an "after-acquired-evidence" defense if the records show a discrepancy between plaintiff's leave requests and actual medical treatment. This latter argument suggests a thinly-veiled fishing expedi-

---

**5.** Defendant's argument that *Biocore* is not controlling because the Tenth Circuit's standard of review was "abuse of discretion" is without merit and borders on frivolous. As noted in the quoted portion of the opinion, the Tenth Circuit reviews a trial court's interpretation of the Federal Rules of Civil Procedure *de novo.*

**6.** Plaintiff alleges that defendant violated her privacy rights under the Health Information Portability and Accountability Act (HIPAA). However, neither party cites any authority concerning HIPAA. Because relevance is the main issue before the court, it will not address a party's privacy rights under HIPAA.

tion rather than reasonable discovery related to the facts surrounding plaintiff's termination in September 1999. Plaintiff's relevance arguments are similarly vague. For example, plaintiff objects to the relevance of medical records after her termination. However, plaintiff concedes that "some" post-termination medical records may be relevant to her claim for damages. Neither party's arguments contain sufficient detail or information from which the court can fashion an order defining the scope of relevance concerning medical records.

### 3. Timeliness of Plaintiff's Motion

Defendant argues that plaintiff's motion to quash is untimely because she waited until March 2, 2004 to file her motion. Defendant is technically correct concerning the quashing of subpoenas because the deadline for production was January 27, 2004 and the healthcare providers responded prior to plaintiff's motion; thus, there is nothing to "quash." [7] Although the court declines to "quash" the subpoenas, the issue of sanctions for discovery abuse remains and is discussed below.

### 4. Protective order

A portion of plaintiff's motion requests a protective order. Defendant agrees that an order limiting the use of medical records to this case with their return or destruction at the conclusion of this case is appropriate. Accordingly, defendant shall draft and circulate a protective order to that effect.

Plaintiff also requests a protective order limiting the scope of deposition questions to plaintiff concerning her medical history.

**7.** Plaintiff is not without recourse and may later file a motion in limine to prevent the use at trial of irrelevant evidence.

**8.** For example, plaintiff's counsel agreed that defendant could ask about the damages sought by plaintiff and, depending on her answer, ask additional questions about plaintiff's post-termination medical records. Under such circumstances, the court has been presented with few parameters for drafting a protective order regarding plaintiff's deposition.

**9.** The parties should refer to the Deposition Guidelines listed on the court's website for further guidance.

However, both parties are once again extremely vague concerning the proper scope of the deposition.[8] Under the circumstances, the court declines to order protection concerning the deposition. The parties shall proceed with plaintiff's deposition noticed for April 9, 2004. Consistent with normal deposition practice, defendant may ask questions and, where appropriate, plaintiff may assert any objections based on relevance. Plaintiff shall answer the question.[9] If plaintiff believes that the deposition questions are abusive, irrelevant, and/or asked in bad faith, she may file an appropriate motion for relief and sanctions.

### 5. Sanctions [10]

Plaintiff's motion seeks sanctions in the amount of $152 representing the cost of obtaining medical records. The court is troubled by two separate but related courses of conduct by defense counsel: 1) their initial violation of Rule 45(b)(1), and 2) their subsequent written/oral representations and arguments to the court. With respect to the violation of the prior notice provisions under Rule 45(b)(1), failure to provide proper notice was particularly egregious because both counsel were present at the December 9, 2003 scheduling conference and aware that plaintiff objected to the discovery of *all* of her medical records.[11] Under the circumstances, the manner in which subpoenas were issued suggests a calculated effort to hinder if not circumvent plaintiff's ability to oppose the collection/production of irrelevant medical records.

**10.** Although only one attorney signed defendant's response brief, defense counsel represented at oral argument that the discovery, brief, and related arguments were a collaborative effort by Terry Mann and Deena Hyson Bailey. Because of their collaborative effort, the court considers both attorneys equally responsible.

**11.** The parties also discussed plaintiff's medical records during the informal Rule 26 planning meeting prior to the scheduling conference. Furthermore, plaintiff's objections were listed as an issue in the parties' planning report.

At oral argument defendant asserted that other attorneys practicing before this court do not provide prior notice before issuing documents subpoenas and submitted docket sheets from eleven cases for the court's consideration. (Exhibits 1–11).[12] The docket sheets presented do not conclusively establish either way whether prior notice was provided to opposing counsel before subpoenas were issued. Moreover, in many cases counsel may have informally agreed to or lodged no objection to the issuance of subpoenas without prior notice. Here, however, defense counsel was on notice that plaintiff had objections. At best, defendant's unusual reliance on practice by other attorneys suggests that loose practices concerning the issuance of subpoenas have developed in the district of Kansas. While this argument is not a defense per se, when considering the imposition of sanctions the court will take into account that attorneys have not consistently provided prior notice.

In addition to their violation of Rule 45(b)(1), defense counsel have made disturbing representations to the court. Specifically, counsel stated in footnote 3 of their response brief that they were "unable to find any authority in the rules or case law" that required notice to an opposing party before serving a subpoena for documents. (Doc. 40, page 4, filed March 12, 2004). This representation is inexcusable given: 1) the specific language of Rule 45(b)(1); 2) the Tenth Circuit's holding in *Biocore*; and 3) the numerous cases cited therein dating back to 1998. The court provided notice of the Tenth Circuit's holding in *Biocore* in its intermediate order filed March 19, 2004 (Doc. 42). But notwithstanding this notice, defense counsel appeared for oral argument and persisted in their argument that they were not required under Rule 45(b)(1) to provide notice to opposing counsel before issuing subpoenas. Counsel's conduct borders on a violation of MRPC 3.3(a)(3)(a lawyer shall not knowingly fail to disclose legal authority in the controlling jurisdiction known by the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel).

Plaintiff requests imposition of a sanction in the amount of $152.[13] Defendant objects to any award, arguing that the rules of civil procedure (Rules 11, 26, or 37) do not support an award of sanctions in this case. Once again, the court disagrees. Fed. R.Civ.P. 26(g)(2) requires that every discovery request be signed by an attorney which constitutes a certification that:

> to the best of the signer's knowledge, information, and belief, *formed after a reasonable inquiry,* the request is:
>
> (A) *consistent with these rules and warranted by existing law* or a good faith argument for the extension, modification, or reversal of existing law;
>
> (B) *not interposed for any improper purpose* such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(Emphasis added).

As discussed in this opinion, defendant issued document subpoenas in violation of Rule 45(b)(1) and for an improper purpose (to evade objections expressed by plaintiff). Moreover, counsel's unrepentant failure to consider, follow, and cite the Tenth Circuit's holding in *Biocore* also amounts to a violation of the "reasonable inquiry" requirement of Rule 26(g). At a minimum, Rule 26(g) provides authority for awarding monetary sanctions.[14]

---

12. Defendant also asserted at oral argument that the requirement in federal court of prior notice before issuing a subpoena for the production of records was inconsistent with the practice in state court. Contrary to defendant's suggestion, state law requires that notice be served on opposing counsel *before* a document subpoena is issued. K.S.A. 60–245a(e). Although the state statute is more detailed than Rule 45, both federal and state law require prior notice before issuing a subpoena for documents. Similar to other assertions during oral arguments, Raytheon's reference to state law makes little sense.

13. Plaintiff apparently calculated this small amount based on his cost of acquiring medical records identical to those produced to defendant pursuant to the subpoenas.

14. Because the court finds ample authority to award sanctions under Rule 26(g), the court does not address alternative grounds and types of sanctions. However, the court notes that in *Biocore* counsel was disqualified from appearing in the case based on violations of Rule 45(b)(1).

In its consideration of sanctions, this court is mindful of the thoughtful views regarding the potential harm arising from misuse of the subpoena power articulated in *Spencer v. Steinman*, 179 F.R.D. 484, 489 (E.D.Pa. 1998):

> The risks attached to misuse of the subpoena power are great. Under this delegation of power, an attorney is licensed to access, through a nonparty with no interest to object, the most personal and sensitive information about a party. By failing to receive prior notice of the information sought from a nonparty, a party is deprived of its greatest safeguard under the Rule, i.e., the ability to object to the release of the information prior to its disclosure. Therefore, the loss of the opportunity to object prior to the release of the information caused injury to defendant. Moreover, misuse of the subpoena power is not limited to the harm it inflicts upon the parties, it also compromises the integrity of the court's processes. When the power is misused, public confidence in the integrity of the judicial process is eroded. Therefore, the failure to provide prior notice to defendant of the subpoenas cause[s] injury to the public.

As noted, plaintiff' motion requested only $152 to cover her cost of securing medical records in an effort to know what documents defendant secured through its subpoena. The court agrees that $152 is a reasonable amount to impose as sanctions. Moreover, since filing her motion, plaintiff's counsel has had to incur additional time and effort to support her motion and appear at oral argument. Plaintiff shall be granted a limited opportunity to supplement her request for sanctions with an affidavit setting forth the time counsel spent working on the motion and counsel's normal hourly rate.[15] Defendant will be permitted a brief opportunity to respond to any supplemental request for sanctions.

■ The only remaining issue is whether defendant and/or defense counsel should be ordered to pay the $152. Because the method and manner of issuing subpoenas is a procedural matter which an attorney is permitted to exercise as an officer of the court, the sanction for procedural errors and discovery abuse should be the responsibility of counsel rather than the client. Accordingly, the $152 shall be paid by defense counsel.

**IT IS THEREFORE ORDERED** that plaintiff's motions "to quash" **(Doc. 33 & 34)** are **DENIED.** Plaintiff's motion for a protective order concerning her deposition is **GRANTED IN PART** and the parties shall confer and submit an agreed protective order limiting the use of plaintiff's medical records to this case. Plaintiff's deposition shall be conducted consistent with the rulings herein.

**IT IS FURTHER ORDERED** that plaintiff is awarded $152 in sanctions for discovery misconduct. Any request for a supplemental sanction award by plaintiff shall be filed by **April 9, 2004** and shall include an affidavit showing the time counsel spent on the motion to quash and his normal hourly rate. Defendant may file a response to the supplemental request for sanctions by **April 12, 2004.** Defense counsel shall pay the sum of $152 to plaintiff's counsel by **April 15, 2004.**

**IT IS SO ORDERED.**

---

**15.** If plaintiff's counsel is satisfied with $152, no affidavit need be filed.