Timothy CALLANAN, Plaintiff,

v.

**RIGGERS & ERECTORS, INC. LeBron & Associates, and United States Government, Defendants.**

Civ. No. 92–85.

District Court, Virgin Islands, Division of Saint Croix.

Dec. 2, 1992.

Lee J. Rohn, Christiansted, St. Croix, VI, for plaintiff.

O.S. Lad Mingus, Law Offices of R. Eric Moore, St. Croix, VI, for Riggers and Erectors.

Richard H. Hunter, Hunter, Colianni, Cole & Turner, St. Croix, VI, for LeBron & Assoc.

*AMENDED ORDER*

RESNICK, United States Magistrate Judge.

THIS MATTER came before the court on objection and request for protective order filed by G & C Enterprises, Inc. ("G & C") a non-party witness to this action, regarding a subpoena duces tecum and a Notice of Subpoena issued by plaintiff Callanan on November 13, 1992. The subpoena requests certain documents retained by G & C be made available to plaintiff on or before December 1, 1992. G & C argues that the Notice of Subpoena did not conform to the formal requirements of the Federal Rules of Civil Procedure in that it lacked certain mandatory language and was not served on the other parties to the action. Plaintiff did not respond.

This dispute is governed by Fed.R.Civ.P. 45(b)(1), 45(a)(1)(D) and 5. Rule 45(b)(1) allows a party to demand production of documentary evidence from a non-party whether or not that party will be deposed. Rule 45(a)(1)(D) requires that the language contained in subsections (c) and (d) of the rule be included in the subpoena. Rule 5 requires proof of service on all parties to the action. According to G & C, because plaintiff failed to comply with these provisions, the subpoena is invalid.

G & C correctly claims that plaintiff's Notice of Subpoena does not contain the language in subsections (c) and (d) and was not served on any other party except G & C. G & C is requesting that the court issue a protective order until such time as plaintiff complies with the requirements of the rules.

Rule 45(a)(1)(D) provides that "Every *subpoena* shall . . . set forth the text of subdivisions (c) and (d) of this rule." (emphasis added). G & C's claim that the language should be contained in the accompanying Notice of Subpoena, is specious. The rule clearly states that the language is required on the subpoena. It does not require that such language be included on an accompanying document. Since the subpoena served on defendant contains the required language on the reverse side, this court finds that plaintiff has met the requirement of the rule.

■ Second, plaintiff is directed to serve all other parties to the action as required by Rule 5. The Advisory Committee Note following Rule 45 states:

"A provision requiring service of prior notice pursuant to Rule 5 of compulsory pretrial production or inspection has been added.... The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things.... [W]hen production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced."

Thus, compliance with the notice provision is not a mere formality but serves the important function of streamlining discovery in order to alleviate duplication or delays. Plaintiff's failure to serve other parties with the subpoena duces tecum renders the present notice insufficient.

The court will allow plaintiff ten (10) days to serve notice on all parties to this action, in accordance with Rule 5. The court will also issue a protective order in favor of G & C until such notice is served. Then, barring further objections, G & C is directed to comply with the demand within a reasonable time.

Now, therefore, it is

ORDERED that G & C's request for a protective order demanding production of certain documents on or before December 1, 1992, is hereby GRANTED. Plaintiff is directed to serve notice on all parties within ten (10) days of this order.