UNITED STATES of America, Plaintiff,

v.

Israel SANTIAGO–LUGO (1),
et al., Defendants.

Crim. No. 95–029(JAF).

United States District Court,
D. Puerto Rico.

Sept. 29, 1995.

Bruce A. Pagel, Special Litigation Counsel Francisco Rebollo–Casalduc, Trial Attorney Guillermo Gil, U.S. Attorney, District of Puerto Rico, San Juan, Puerto Rico, Karen Tandy, Deputy Chief for Litigation, Narcotics and Dangerous Drug Section, U.S. Department of Justice, Washington, DC, for Plaintiff.

Erick Morales, Humberto Ramirez, for Israel Santiago–Lugo.

Rafael Anglada, for Nelson Ortiz–Baez.

Benito Rodriguez–Masso, for Wilfredo Martinez–Matta.

Jose Aguayo, for David Martinez–Matta.

Miriam Ramos–Grateroles, for Angel M. Andrades–Marrero.

Lydia Lizarribar, for Jose Rosado–Rosado.

Maria Sandoval, for Raul Ortiz–Miranda.

Teodoro Mendez–Lebron, for Orlando Santiago–Perez.

Salvador Perez, for Celenia Reyes–Padilla.

Gabriel Hernandez–Rivera, for Rosa Morales–Santiago.

Wilfredo Figueroa, for Eulalio Candelaria–Silva.

Enrique Velez, for Moises Candelaria–Silva, San Juan, PR.

### *MEMORANDUM AND ORDER*

FUSTE, District Judge.

On September 25, 1995, the court was made aware of the fact that Rafael Anglada, court-appointed counsel for codefendant Nelson OrtizBáez, had obtained from the Clerk of Court a subpoena under Fed.R.Crim.P. 17(c), directed to the Superintendent of Police of Puerto Rico and Mrs. Gloria M. Guzmán Virella, Director of Personnel, Police of Puerto Rico, requiring the production of personnel files of Puerto Rico Police officers.[1] The subpoena, copy of which is attached to and made a part of this memorandum order as *Appendix I,* failed to request the appearance of the Superintendent of Police or Mrs. Virella before the court for trial or other formal proceedings. The subpoena form is in blank as to the place, date, and time of appearance. The movant failed to disclose the attorney's name, address, and phone number.

The subpoena commanded the Superintendent of Police and the Director of Personnel to do the following:

YOU ARE ALSO COMMANDED to bring with you the following document(s) or ob-

---

1. Twelve defendants are on trial since September 13, 1995, followed by a second trial of the remaining nineteen defendants. A police officer's personnel file memorializes the history of a police officer from hiring to retirement, including promotions, demotions, personnel actions, sanctions, and disciplinary measures. Such files are private and confidential under Puerto Rico law, 3 L.P.R.A. § 1348.

ject(s): ANY AND ALL DOCUMENTS IN YOUR POSSESSION OR CONTROL PERTAINING TO POPR OFFICERS, AS PER LIST ATTACHED. (To be submitted to Court-appointed Private Investigator Benny Soto).

The subpoena has an exhibit identifying, by badge number and duty station, one-hundred and ten police officers of which personnel files are requested.

The Police Department's first reaction was to comply with the subpoena. The document appeared valid on its face and conveyed the impression that private investigator Benny Soto had been commissioned by the court to obtain the personnel files of the one-hundred and ten policemen listed. Contrary to what the subpoena states, investigator Benny Soto has no relationship with the court. He is a private investigator retained by Mr. Anglada, and Mr. Soto has no court appointment.

Upon realizing that the subpoena was not related to a legitimate court-originated request and that the same was deceitful, the Police Department conveyed its protest to the court, first through the government on September 25, 1995, and later orally on the record on September 26, 1995. By September 26, the Police Department had turned over twelve files to investigator Benny Soto and Mr. Anglada.

Mr. Anglada has admitted that originally he understood the subpoena to be valid. He now accepts that the document can be described as deceitful. He also claims that he had no bad purpose to disobey or disregard the law. In addition, he informed the court that similar subpoenas have been served upon the District Attorney's Office of the Commonwealth of Puerto Rico in Arecibo, Bayamón, and San Juan, and that the local District Attorney in Arecibo and Mr. Pedro Gerónimo Goyco Amador, Deputy Attorney General in charge of criminal prosecutions, have complied with the subpoena. Mr. Anglada has also informed the court that, upon information and belief, at least another attorney for a defendant in this case, counsel for codefendant José Parra–Mercado, has obtained, or is in the process of obtaining,

documents from the Police of Puerto Rico by utilizing the subpoena power of this court in a similar manner.[2] The court has discovered that investigator Benny Soto readily signed receipts for documents at the Arecibo District Attorney's Office representing to be a Federal Court Officer. He signed the receipts "Benny Soto—Federal Court." *See* Receipt in Spanish, appended to and made a part of this memorandum order as *Appendix II.*

On September 25, 1995, Mr. Anglada turned over to the court all the files obtained through the criminal subpoena. Other attorneys who received or obtained copies of such records have also returned the material to the court.

In addition, counsel Erick Morales, representing the principal defendant, Israel Santiago–Lugo, has also utilized the subpoena power of this court in a private, ex-parte fashion, under Fed.R.Civ.P. 45, in a related civil forfeiture case, No. 93–1955(JP). His Informative Motion of September 27, 1995, confirms the ex-parte use of subpoenaed documents "for both the civil, and criminal case if the need so arised [sic]." *See Docket Document No. 681, at ¶ 5.* The court has confirmed that counsel routinely caused the issuance of civil and criminal subpoenas to be returned directly to their private offices, without reference to any formal court proceeding or deposition, in contravention to the letter and spirit of Fed.R.Crim.P. 17 and Fed.R.Civ.P. 45.

While the court is ready to allow and enforce the defendants' right to use the subpoena power of this court for legitimate defense purposes, it is this court's duty to make certain that the subpoena power is invoked legitimately and legally.

**I.**

Fed.R.Crim.P. 17 is based on the basic premise that subpoenas are to be issued by the Clerk of Court for the attendance of witnesses. Subpoenas shall state the name of the court and shall command each person to whom it is directed to attend and give testimony at a particular time and a

---

**2.** Parra–Mercado will be tried later this year as part of the severed group of defendants.

particular place only. Rule 17(c) provides that any subpoena issued for the attendance of witnesses may also command the person to whom it is directed to make a production of documents. The rule is crystal clear about the fact that the production of documents allowed by paragraph (c) of the rule is intimately related to the attendance of the witness at a particular time and place to a formal proceeding before the court. A formal proceeding includes a criminal deposition, a trial, a hearing, a preliminary hearing, a grand jury proceeding, and the like. Only with court intervention can the subpoena be utilized for production before the court at any time prior to the trial or prior to the time when the documents are to be offered in evidence. Only the court may, upon the production of the documents, permit the documents or objects to be inspected by the parties or their attorneys. Nowhere in Fed. R.Crim.P. 17 do we find language allowing the utilization of the court's subpoena power privately, with a secret return directly to an attorney. The rule definitely does not allow for the proponent of the subpoena to convey the message that a private investigator has been vested with court-related powers to receive documents on behalf of the court.

■ Federal case law specifically contemplates that the practice of using trial subpoenas for ex-parte propositions, such as it appears to be the case here, is improper. *See United States v. La Fuente*, 991 F.2d 1406, 1411 (8th Cir.1993). The *La Fuente* case confirms that subpoenas are to be issued only for the purpose of compelling the attendance of witnesses or the production of evidence at formal proceedings, such as Grand Jury proceedings, preliminary hearings, and trials, and that the government (or, in this case, the defense) may not use trial subpoenas to compel prospective trial witnesses to attend pretrial interviews with government attorneys (or, as in this case, compel the private production of documents to a defense attorney). *See also United States v. Keen*, 509 F.2d 1273, 1274 (6th Cir.1975), and *United States v. Hedge*, 462 F.2d 220, 222 (5th Cir.1972).

■ The use of Rule 17(c) for the inspection of documents at the pretrial phase or before they are offered in evidence is only valid if strict adherence to Rule 17(c) is made. *See United States v. Nixon*, 418 U.S. 683, 699–700, 94 S.Ct. 3090, 3103, 41 L.Ed.2d 1039 (1974). There, the Supreme Court recognized the fundamental characteristics of a subpoena duces tecum under Rule 17(c) in the criminal context. The rule is not intended to provide a means for discovery in criminal cases and its chief innovation after the 1966 amendments to the rule was to expedite the trial process by providing a mechanism for a court-supervised inspection of subpoenaed materials before trial or before submission in evidence, as long as the parties show the following: (a) that the documents are evidentiary and relevant; (b) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (c) that the party cannot properly prepare for trial without such production and inspection and the failure to obtain such inspection may tend unreasonably to delay the trial, and (d) that the application is made in good faith and is not intended as a general fishing expedition.

■ On the basis of our understanding of the applicable law, the use of the subpoena power of this court in the context under discussion here is, in the language of the cases, unauthorized and improper. *See Keen*, 509 F.2d at 1275. The subpoena under scrutiny **and any other subpoena similarly obtained under Fed.R.Crim.P. 17,** are presumed to be invalid and must be quashed.

## II.

Regarding the Fed.R.Civ.P. 45 subpoenas issued by attorney Erick Morales, the court finds that the subpoena power of the court was improperly and illegally used to circumvent bona fide civil and criminal discovery.

■ A civil subpoena is a mandate issued in the name of a court, traditionally by the Clerk of Court thereof, but, under current practice, may be lawfully issued by attorneys. Fed.R.Civ.P. 45(a)(1)(A), (B), (2) & (3). Its primary and traditional function is to compel the attendance of witnesses and the production of documents to formal court proceedings during the pretrial stage of the civil case

or at trial. Fed.R.Civ.P. 45(a)(1)–(3). The subpoena power allows the parties to bring before the court all the available information for the determination of controversies before it.

■ Under Fed.R.Civ.P. 45, subpoenas are of two types. A subpoena ad testificandum compels the attendance of witnesses to pretrial discovery proceedings or to court hearings or trials. A subpoena duces tecum requires the production of documents or things.

Rule 45 is closely related to the discovery rules and is designed to work in synchronization with the civil discovery rules, whether it be depositions, Fed.R.Civ.P. 30, or requests for production of documents, Fed.R.Civ.P. 34, against parties and non-parties. For example, a subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition or for a hearing or trial. A subpoena is also necessary to obtain a production of documents from a non-party under Fed.R.Civ.P. 34(c). A civil subpoena may be issued to compel a non-party to produce evidence independent of a deposition, including the production of documents or things. Fed.R.Civ.P. 45(a)(1). A civil subpoena may issue to permit the inspection of premises. In addition, the subpoena document must set forth the full text of Fed.R.Civ.P. 45(c) and (d) to alert and protect the recipient of the mandate.

The 1991 amendments to Rule 45 and the notes of the Advisory Committee on Rules alert explicitly that the present text of the rule places increased power on attorneys to issue subpoenas. Such increased power is accompanied by an increased professional responsibility with regard to using it appropriately. Since under current practice, a civil subpoena may be lawfully issued by attorneys, the commentators recognize that even with increased professional responsibility imputable to lawyers, there exists an increased potential for misuse and an increased professional responsibility for its misuse. *See* 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 2453.

■ The civil subpoenas utilized by attorney Erick Morales to obtain confidential police personnel records were issued by him under Rule 45. The issuance was ex-parte and no notice to the government was ever made. There can be no doubt that the purpose of a civil subpoena duces tecum is to compel the production of documents or things relevant to the facts in issue in a pending judicial proceeding. *Wright and Miller § 2456.* The Rule 45 subpoenas issued by Mr. Morales were directed to Police of Puerto Rico personnel files which are marginally relevant to a federally-conducted civil seizure and forfeiture. The civil subpoenas issued on July 17 and August 21, 1995, were mainly related to the present criminal action. There was no valid reason to resort to a pending civil case to discover evidence for the present criminal case. The subpoenaed documents—the personnel files of known witnesses in the present case—confirm that the principal purpose was to conduct a fishing expedition over the personnel and disciplinary files kept by the Puerto Rico Police to use them as potential impeachment material in the criminal case, bypassing the confidential nature of these records under local law and Fed.R.Crim.P. 17. In addition, while Rule 45 specifically provides that a civil subpoena may be issued to compel a non-party to produce designated materials before trial and independent of any deposition at the pretrial stage, the 1991 amendments to the rule require that prior notice must be served on each party, in this case the government, claimants, and intervenors, in the civil forfeiture case, as prescribed by Fed.R.Civ.P. 45(b). This precautionary measure has been inserted in the rule to prevent ex-parte abusive and illegal use of the subpoena power. The purpose of this notice is to afford other parties, including the government in the civil forfeiture action, the opportunity to object to the production or inspection. *See* Fed.R.Civ.P. 45(b)(1). *Callanan v. Riggers and Erectors, Inc.,* 149 F.R.D. 519 (D.C.V.I.1992).

An examination of the docket of civil forfeiture No. 93–1955(JP) confirms that the July 17 and August 21 ex-parte subpoenas were not notified to adverse parties, the government, claimants or intervenors. Mr. Morales has so confirmed on the record. The use of

the ex-parte subpoena only served the purpose of obtaining, through unauthorized means, material otherwise not available without court intervention. *See United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); P.R.R.Evid. 31, 32 L.P.R.A.App. IV R. 31; and *López Vives v. Policía de Puerto Rico*, 118 D.P.R. 219 (1987). As in the case of the Fed.R.Crim.P. 17 subpoenas earlier discussed, these civil subpoenas are defective. They are unauthorized and improper mandates forcing third parties under the authority of this court to surrender confidential records ex-parte to the private office of a litigant. These subpoenas are null and void and any remaining confidential personnel file must be deposited immediately with the court for return to its legitimate owner.

### III.

■■■ With the increased power of attorneys regarding the issuance of criminal and civil subpoenas, the liability of the attorney for misusing the subpoena rules is greater. The mere fact that an attorney abuses the subpoena power directly implicates the court itself and creates an embarrassment for the institution. In addition, the general duty of an attorney toward third parties is violated when a subpoena is misused. Rule 4.4 of the Model Rules of Professional Conduct, applicable in this district through Local Rule 211(4), forbids the use of methods of obtaining evidence that violate the legal rights of third persons. In the present case, the state-recognized confidentiality of personnel files under 3 L.P.R.A. § 1348 has been circumvented and sanctions under Rule 4.4 of the Model Rules and Local Rule 211(4) are available, ranging from reprimand to disbarment. In addition, abuse of the subpoena power is an actionable tort. *See* the Advisory Committee Notes to the 1991 Amendments to the Federal Rules of Civil Procedure, specifically Rule 45, 134 F.R.D. 525, 671–72. *See also Board of Ed. v. Farmingdale Classroom Teach. Ass'n.*, 38 N.Y.2d 397, 380 N.Y.S.2d 635, 343 N.E.2d 278 (1975). Furthermore, under the Bill of Rights of the Constitution of Puerto Rico, policemen whose personnel files are in issue have a recognized right of privacy and dignity to be free from abusive attacks to their privacy. *See* P.R. Const. art. II, §§ 1 & 8. The Supreme Court of Puerto Rico has recognized that a violation of a privacy interest is an actionable tort under local law. *See Arroyo v. Rattan Specialties, Inc.*, 117 D.P.R. 35, 64 (1986), and *Colón v. Romero–Barceló*, 112 D.P.R. 573, 579 (1982).

### IV.

Having considered all of the above, the court makes the following disposition.

1. Unauthorized or illegal use of the subpoena power of this court under Fed. R.Crim.P. 17 and Fed.R.Civ.P. 45 is strictly prohibited and the bar is advised that misuse of the subpoena power of this court will carry disciplinary sanctions.

2. The court will not initiate the sanction process at this time because, in the context of the ongoing criminal case, the court will not create any chilling effect on defendants' rights to zealous and effective legal representation. At this point in time, the right to counsel and to effective legal representation overrides the immediate need for the imposition of sanctions.

3. Counsel Rafael Anglada has admitted his mistake and the court has not found the presence of intentional conduct to disobey or disregard the law. Attorney Anglada has returned the material improperly obtained. He has also accepted that investigator Benny Soto's representations are improper and unfortunate, and now both are aware that any additional violation will be strictly sanctioned.

4. Counsel Erick Morales and Humberto Ramírez also acted improperly in issuing exparte subpoenas, in violation of Fed.R.Civ.P. 45. While we do not find tangible evidence of intent to disobey or disregard the law upon which disciplinary action could rest, the court warns attorneys Morales and Ramírez that in the course of this case, this is the second time where conduct on their part afoul of the rules has required court intervention. *See United States v. Santiago–Lugo*, 162 F.R.D. 11 (D.P.R.1995) (censure imposed for violation of MODEL RULES OF PROFESSIONAL CONDUCT Rule 4.4 (1983)). Mr. Morales and Mr. Ramírez will immedi-

ately certify in writing that, aside from the limited material they have turned over to the court, they have not kept any of the illegally-obtained documents. Both are advised that any further conduct in violation of the rules of procedure or of professional responsibility will result in certification for disciplinary action.

5. Counsel for the remaining codefendants actually on trial are absolved of any liability regarding this matter. The court has inquired from them on the record and is satisfied that they are not involved or benefitted from the production of documents illegally obtained.

6. The remaining attorneys for defendants awaiting trial after the conclusion of the present one must report to the court by **Wednesday, October 4, 1995,** if they have utilized the subpoena power of this court in the fashion discussed here. If their response is in the affirmative, the statement must express the circumstances and the legal reasons that justify such use of the subpoena power of this court. Until their specific claims are finally passed upon, counsel who have obtained documents by the improper use of the subpoena power will immediately turn over the material to the court, affirming under oath that no photocopying or other unauthorized duplication of the material has been made.

The attorneys who have an obligation to report under this order will also submit a list of persons with whom they have shared the information contained in the records improperly obtained.

**IT IS SO ORDERED.**

50

## APPENDIX I

# United States District Court

_____ UNITED STATES _____ DISTRICT OF _____ PUERTO RICO _____

UNITED STATES OF AMERICA

v.

ISRAEL SANTIAGO-LUGO et al.

## SUBPOENA IN A CRIMINAL CASE

CASE NUMBER: 95-029 (JAF)

TO:

Mr. Pedro Toledo
Superintendent
Police of Puerto Rico
POPR Headquarters
Hato Rey, Puerto Rico

Mrs. Gloria M. Guzmán Virella
Director of Personnel
Police of Puerto Rico
POPR Headquarters
Hato Rey, Puerto Rico

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

ANY AND ALL DOCUMENTS IN YOUR POSSESSION OR CONTROL PERTAINING TO POPR OFFICERS, AS PER LIST ATTACHED.

(To be submitted to Court-appointed Private Investigator Benny Soto.)

FRANCES RIOS DE MORAN

U.S. MAGISTRATE JUDGE OR CLERK OF COURT

_____
Dvl Deputy Clerk

DATE

SEP 1 9 1995

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER

25/09   95 10:14

PROOF OF SERVICE

| | | | |
|---|---|---|---|
| **RECEIVED BY SERVER** | **DATE** September 19, 1995 | **PLACE** Ana Gela Saug Offices | |
| **SERVED** | **DATE** September 15, 1995 | **PLACE** Police of Puerto Rico Personal Division San Juan, PR | |

**SERVED ON (PRINT NAME)**
Mrs. Glovia M. Guzmán Vivella

**FEES AND MILEAGE TENDERED TO WITNESS**
☐ YES   ☐ NO   AMOUNT $ _____

**SERVED BY (PRINT NAME)**

**TITLE**

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____ September 19, 1995 _____
_____ Date _____   _____ Signature of Server _____

_____ Address of Server _____

**ADDITIONAL INFORMATION**

**52**

Page 1
Priorities *

| AGENTS | IDENTIFICATION | PLACE |
|---|---|---|
| 1. Damian Sanchez Hernández | #10638 | Drogas Bayamón |
| 2. Tomás Coré Figueroa | #798 | Drogas Bayamón |
| 3. Marcos Rodríguez Mercado | #5549 | Control Vicio |
| 4. Eric Colón | #13759 | Control Vicio |
| 5. Elvin Romero Miranda | # /16:2 | Drogas Arecibo |
| 6. Franklin Román Carrero | # | Drogas Arecibo |
| 7. Alex Martínez Méndez | #16601 | Drogas Vega Baja |
| 8. Sgto. Tomás Pantoja De Jesús | #8-7041-23,7 | Drogas Vega Baja |
| 9. Sgto. Luis M. Arroyo Pantojas | #8-11951 | Drogas Vega Baja |
| 10. Angel A. Fontaín Pagán | #14453 | Drogas Vega Baja |
| 11. Guillermo Medina Mantilla | #16040 | Drogas Vega Baja |
| 12. Sgto. José A. Negrón | #8-4797 | Drogas Vega Baja |
| 13. Gabriel G. Martínez Rodríguez | #15366 | |
| 14. Carlos Avilés Larregui | # NR | Drogas Vega Baja |
| 15. Melvin Alvarado Alvarado | #11060 | Drogas Vega Baja |
| 16. Héctor R. García Delgado | #8089 | Drogas Vega Baja |
| 17. Rafael Nieves Figueroa | #13615 | Drogas Vega Baja |
| 18. Manuel A. Rivera Villafañe | #6223 | CIC / Vega Baja |
| 19. Juan A. Hernández Pérez | #9-6567 | CIC / Vega Baja |
| 20. Carlos Nieves Martínez | #5443 | CIC / Vega Baja |
| 21. Sgto. Antonio Román Quiles | #8-3004 | V.H. / Vega Baja |
| 22. Sgto. Luis Ortíz Colón | #86583 | C.V. / Vega Baja |
| 23. Danny Vazquéz Maldonado | #16-595 | C.V. / Vega Baja |
| 24. Rafael A. Rosa Cordova | #16035 | S.C. / Vega Baja |
| 25. Jesús Giménez Rodríguez | # | Morovis POPR |
| 26. José M. Rivera Santiago | #11556 | Drogas Metro |
| 27. Angel M. Nieves Domínguez | #9012 | Drogas Metro |
| 28. Carlos Camacho Santiago | #8-4026 | Drogas Metro |
| 29. José A. Otero | #4403 | Drogas Metro |
| 30. Luis A. Martínez Rivera | #12938 | Drogas Metro |
| 31. Carlos Rodríguez Arroyo | #17485 | Drogas Metro |
| 32. Francisco Burgos Rivera | #9-3495 | Drogas Metro |
| 33. Iván Nieves Domínguez | #0524 | Drogas Metro |
| 34. Remigio Ramos | #9670 | Drogas Metro |
| 35. Miguel A. Rivera Cruz | #14321 | Drogas Vega Baja |
| 36. Sgto. José ___ Rivera | #8-2586 | Drogas Vega Baja |
| 37. Sgto. Juan R. Meléndez | #8-7071 | Drogas Vega Baja |
| 38. Orlando Nieves Hernández | #10968 | Drogas Vega Baja |
| 39. Rubén Vázquez Padró | #13893 | Drogas Vega Baja |
| 40. Sgto. Luis M. Arroyo Pantojas | #8-11951 | Drogas Vega Baja |
| 41. Juan M. González Encarnación | #14822 | Op. Tacticas |
| 42. Ernesto Laboy Escobar | #7921 | Drogas Metro |
| 43. Carlos Albino González | #9934 | Drogas Metro |
| 44. Luis O. Galán Valentín | #14114 | Drogas Arecibo |
| 45. David Pantoja Parés | #15345 | Drogas Vega Baja |
| 46. Luis M. Negrón Rodríguez | #15272 | Drogas Vega Baja |
| 47. Victor Nevarez Mojica | # | Bayamón Sur POPR |
| 48. Félix Olivo Rivera | #1437 | Bayamón Sur POPR |

Page 2
Priorities *

| AGENTS | IDENTIFICATION | PLACE |
|---|---|---|
| 49. Sgto. José Marrero Rivera | #8-10105 | Bayamón Sur POPR |
| 50. Juan Ramos García | # 72,877 | Drogas Metro |
| *51. Gabriel G. Martínez | #15366 | |
| 52. Hermenegildo Rivera Ruiz | #13754 | Supervisión Agente Encubierto |
| 53. Elvis R. Rosario Rivera | #16628 | Agente Encubierto |
| 54. José M. Delgado Rodríguez | #11667 | Drogas Vega Baja |
| 55. Víctor Rodríguez Adorno | #16703 | Drogas Vega Baja |
| 56. Sgto. José J. Carrero Rivera | #8-2586 | Drogas Vega Baja |
| 57. Melvin Alvarado Alvarado | #11066 | Drogas Vega Baja |
| 58. José Quiles Torres | #16071 | Levittown POPR |
| 59. Neftali López Vázquez | #18152 | Levittown POPR |
| 60. Marisol Torres Morales | #17212 | Levittown POPR |
| 61. Angel Jiménez Colón | #16650 | Drogas Vega Baja |
| 62. Carlos Cancel | #14211 | Armas Ilegales, Drogas |
| 63. Francisco Zapata | #14016 | Armas Ilegales |
| 64. Milagros López Rodríguez | #17639 | Armas Ilegales |
| 65. Adolfo Ortíz Fontanet | #17200 | Armas Ilegales |
| 66. José L. Albarran | #15794 | Oper. Tácticas |
| 67. Reubén Vázquez Padró | #13983 | Drogas Vega Baja |
| 68. Angel Jiménez Colón | #16650 | Drogas Vega Baja |
| 69. José Nevarez | #2310 | POPR |
| 70. Félix Lebrón Claudio | #11-6808 | Inteligencia Criminal, Bayamón |
| 71. Luis Reyes | #17599 | Drogas Metro |
| 72. Raúl Díaz Pérez | #14909 | Armas Ilegales |
| 73. Felipe Rivera Feliciano | #12653 | Arrestos Especiales |
| 74. Néstor López Reyes | #11370 | Arres. Especiales |
| 75. Luis Cabán Muñiz | #979 | Armas Ilegales |
| 76. Orlando Oyola Maldonado | #12874 | Robos CIC |
| 77. Axel Eleutize | #18504 | Armas Ilegales |
| 78. Neftali Morales | #2130 | Arres. Especiales |
| 79. Orlando Sierra Mercado | #17286 | Crim. Org. Caguas |
| 80. Angel D. Vega Cortés | #14048 | Allanamientos CIC |
| 81. Sgto. Diego Figueroa Torres | #8-9235 | Homicidios CIC |
| 82. Miguel A. Ruíz López | #12209 | Drogas Caguas |
| 83. Héctor Chévere Virella | #3829 | Corozal |
| 84. Carlos J. Burgos Santiago | #14988 | Corozal |
| 85. Dennis Aragonés López | #18063 | Saturación Arecibo |
| 86. Julio Lasalle Ramos | #16242 | Sat. Arecibo |
| 87. Josué R. Medina Yambó | #12714 | Sat. Arecibo |

Page 3
Priorities *

| AGENTS | IDENTIFICATION | PLACE |
|---|---|---|
| 88. Orlando Maldonado (Torres) | #12787 | Sat. Arecibo |
| 89. Luis F. Vega Arbelo | #8-2783 | Sat. Arecibo |
| 90. Rodríguez | #1313 | Sat. Arecibo |
| 91. Chico Pérez Esly | #13619 | Sat. Arecibo |
| 92. Héctor J. Del Río | #11529 | CIC |
| 93. Richard Avilés | #11668 | CIC |
| 94. José Santiago | #5533 | CIC |
| 95. Javier A. Rivera Cuevas | #15165 | CIC |
| 96. Nelson F. Maldonado Santiago | #14651 | Vega Baja |
| 97. Benjamín Morales Mena | #16249 | Vega Baja, Cuartel POPR |
| 98. Oscar Sonera Matos | #13254 | Sat. Arecibo |
| 99. Maribel Delgado Cruz | #16759 | Precinto 107 |
| 100. Javier A. Rivera | #15165 | Drogas Arecibo |
| 101. José Cortés Sánchez | #10408 | Comandancia de Bayamón |
| 102. Alberto Miranda | #12593 | |
| 103. Luis A. Serrano Rojas | #10899 | |
| 104. Waldemar Nieves González | #12497 | Drogas Arecibo |
| 105. Orlando Nieves Hernández | #10962 | Drogas Vega Baja |
| 106. Ricardo Buxó Crespo | #8600 | DOT, Carolina |
| 107. Rafael Figueroa Ayala | #10930 | DOT, Carolina |
| 108. Angel Jiménez Colón | #16650 | DOT, Carolina |
| 109. Orlando Torres González | #8-524 | Sat. Arecibo |
| 110. Luis A. Rivera Cuevas | #15165 | Sat. Arecibo |

# APPENDIX II

ESTADO LIBRE ASOCIADO DE PUERTO RICO
**DEPARTAMENTO DE JUSTICIA**
*Oficina de Investigaciones y Procesamiento Criminal*

Fiscalía de ——— ARECIBO ———

13 de septiembre de 1995

## R E C I B O

RECIBI DE LA FISCAL VIDALIA RIVERA GARCIA, FISCAL DE DISTRITO|
ARECIBO LOS SIGUIENTES DOCUMENTOS RELACIONADOS CON EL CASO
DE:

> P VS.    EULALIO CANDELARIA SILVA
> FECHA DE LOS HECHOS:  14-FEBRERO-1995

| | | |
|---|---|---|
| _____ | 1. | Acusación |
| __X__ | 2. | Analisis Químico |
| __X__ | 3. | Declaración Jurada |
| _____ | 4. | Denuncia |
| _____ | 5. | Minuta |
| ..X.. | 6. | Prueba de Campo |
| _____ | 7. | Sentencia |
| _____ | 8. | Otros |

BENNY SOTO
CORTE FEDERAL