FRANCISCO A. BESOSA, UNITED STATES DISTRICT JUDGE
Defendant Nelson Pereira ("Pereira") moves to compel the production of "specific information, and/or documentation" from the New Jersey Ports Authority and American Airlines for the second time. (Docket No. 2273.) Pereira also moves to compel the production of "specific documentation, and/or records" from the New Jersey Department of Corrections, Jersey City State College, and Air Transport Local 51 for the second time. (Docket No. 2274.)
Although the motions do not specifically mention Federal Rule of Criminal Procedure 17 (" Rule 17"), it is obvious that the motions to compel discovery have been filed pursuant to Rule 17. For the reasons set forth below, the Court DENIES Pereira's duplicative motions to compel. (Docket Nos. 2273 and 2274.)
I. Background
Pereira's motions to compel constitute attempts to obtain discovery. In January 2018, Pereira moved for additional discovery pursuant to Federal Rule of Criminal Procedure 16 (" Rule 16"). (Docket No. 2162.) The Court denied Pereira's request, finding that: 1) "[t]he Court ha[d] already ordered the government to produce all Brady material," that 2) "the government agree[d] to provide any further material, should it become aware of new information," and that 3) "[t]he [g]overnment deals with its case the way it wants to deal with its case" and "[i]f there is no corroboration, that's to Pereira's benefit." United States v. Pereira, 312 F.Supp.3d 262, 274 (D.P.R. 2018) (Besosa, J.).
In December 2018, Pereira moved to compel additional discovery through subpoenas issued pursuant to Rule 17. (Docket Nos. 2264 and 2265.) The Court denied Pereira's motions, holding that Rule 17 is an improper vehicle for discovery requests. (Docket No. 2268 at p. 2.)
Here, Pereira again moves to compel discovery. (Docket Nos. 2273 and 2274.) Pereira explains,
*160 Orders to obtain records, and/or documentation requested herein will serve to prepare for the retrial of the case, adequate presentation of defense, cross examination of Government's witnesses, and/or corroboration of essential information about Mr. Nelson Pereira.
(Docket No. 2274 at p. 4; see Docket No. 2273 at p. 4.) According to Pereira, he has "identified particular persons related to [ ] Pereira, Newark Liberty International Airport, and/or American Airlines," and he "will be requesting subpoenas for those particular persons, but it is necessary to obtain all documentation, and/or identity of the custodian of those records for adequate presentation of the trial." (Docket No. 2273 at p. 8; Docket No. 2274 at pp. 4-5.) Because Pereira misconstrues Rule 17, the Court DENIES his motions to compel. (Docket Nos. 2273 and 2274.)
II. Federal Rule of Criminal Procedure 17
Rule 17 governs the issuance of subpoenas in criminal cases. See United States v. Guzman-De Los Santos, 944 F.Supp.2d 126 (D.P.R. 2013) (Besosa, J.) (granting motion to quash subpoena pursuant to Rule 17 ). In pertinent part, Rule 17 provides that a:
subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.
Fed. R. Crim. P. 17(c)(2). Rule 17 is an instrument intended exclusively for trial or a formal hearing. See United States v. Louis, No. 04-203, 2005 WL 180885, at *3 (S.D.N.Y. Jan. 27, 2005) (holding that the purpose of 17(c) subpoena is "trial-focused" and may be used "only to obtain materials admissible as evidence at trial"); United States v. Montañez-Ortiz, 290 F.R.D. 33 (D.P.R. 2013) (holding that subpoena directing Police of Puerto Rico to produce documents in court violated Rule 17 because "there was no trial or adversarial hearing scheduled in this case for that date and time").
The purpose of a subpoena is to compel testimony or other admissible evidence at an adversarial hearing. See United States v. Santiago-Lugo, 904 F.Supp. 43, 46 (D.P.R. 1995) (Fusté, J.) ("The rule is crystal clear about the fact that the production of documents allowed by [ Rule 17 ] is intimately related to the attendance of the witness at a particular time and place to a formal proceeding before the court [i.e. ] a trial, a hearing, a preliminary hearing, a grand jury proceeding.").
Courts invariably define Rule 17 in the negative: subpoenas are not discovery devices or investigatory tools. See, e.g., United States v. Caro, 597 F.3d 608, 620 (4th Cir. 2010) ("We have emphasized that Rule 17(c) is not a discovery device.") (internal citation omitted). In United States v. Nixon, the United States Supreme Court stated explicitly that one of the "fundamental characteristics of the subpoena duces tecum in criminal cases" is that "it was not intended to provide a means of discovery." United States v. Nixon, 418 U.S. 683, 698, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) ; see also Bowman Dairy Co. v. United States, 341 U.S. 214, 221, 71 S.Ct. 675, 95 L.Ed. 879 (1951) (invalidating a Rule 17(c) subpoena because it was "not intended to produce evidentiary material but [was] merely a fishing expedition to see what may turn up"); 2 Charles Alan Wright, Federal Practice and Procedure: Criminal § 274, 153 and n.16 (1982) ("It has always been clear that *161 Rule 17(c) was not intended as a discovery device").
The proponent of a subpoena must demonstrate "(1) relevancy; (2) admissibility; [and] (3) specificity" of the requested materials. Nixon, 418 U.S. at 699-700, 94 S.Ct. 3090 ; see also Stern v. United States, 214 F.3d 4, 17 (1st Cir. 2000) (holding that materials requested with a subpoena duces tecum must be relevant, admissible and specific). As to relevancy, there must be a "sufficient likelihood" that the subpoenaed records are "relevant to the offenses charged in the indictment." Nixon, 418 U.S. at 699-700, 94 S.Ct. 3090 (internal citation omitted). There must also be a "sufficient preliminary showing" that the subpoenaed material "contains evidence admissible with respect to the offenses charged in the indictment." Id. at 701, 94 S.Ct. 3090. Moreover, the party seeking the subpoenaed documents shoulders the burden of "show[ing] the evidentiary nature of the requested material with appropriate specificity." United States v. Shinderman, 232 F.R.D. 147, 149 (D. Me. 2005).
III. Discussion
Pereira premises his motions to compel on a misapplication of the law. (Docket Nos. 2273 and 2274.) According to Pereira, "it is necessary to obtain all pertinent documentation, rules, regulations, photographs, diagrams, and/or inspect and photograph relevant areas at Newark Liberty Airport, and American Airlines terminal at Newark Liberty Airport." (Docket No. 2273 at pp. 8-9.) Pereira's motions reflect discovery requests. Indeed, Pereira refers to his desired information as, "discovery," and, "the discovery requested." (Docket No. 2273 at pp. 11-12; Docket No. 2274 at p. 9.) The subpoenas requested by Pereira are for investigative purposes. They are "fishing expeditions" designed to assist Pereira in forging a defense against the allegations set forth in the indictment. See Docket No. 2273 at p. 4; Docket No. 2274 at p. 4; see also Bowman Dairy, 341 U.S. at 221, 71 S.Ct. 675.
Rule 17 is not a discovery device. See United States v. Cartagena-Albaladejo, 299 F.Supp.3d 378, 395 (D.P.R. 2018) (Besosa, J.) (granting motion to quash because defendant "has attempted to use the subpoena power of the Court as an investigative tool"). "[T]he production of documents allowed by [ Rule 17 ] is intimately related to the attendance of the witness." Santiago-Lugo, 904 F.Supp. at 46. Absent from Pereira's motions to compel is any request to confirm the attendance of a specific witness at trial. In fact, Pereira distinguishes these motions to compel from future "subpoenas for ... particular persons." (Docket No. 2273 at p. 8; Docket No. 2274 at pp. 4-5.)
The Court cannot authorize subpoenas to reveal potential evidence because doing so would wrongly convert Rule 17 into a discovery tool. See United States v. Noriega, 764 F.Supp. 1480, 1492 (S.D. Fl. 1991) (citing Bowman Dairy, 341 U.S. at 220, 71 S.Ct. 675 (" Rule 17(c), which covers subpoenas for documents and other materials, is not a discovery device.") ); United States v. Libby, 432 F.Supp.2d 26, 30 (D.D.C. 2006) (quoting United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir. 1980) ("Courts must be careful that Rule 17(c) is not turned into a broad discovery device.") ). Accordingly, the Court DENIES Pereira's motions to compel. (Docket Nos. 2273 and 2274.)
The fairness and credibility of our criminal justice system largely depends on prosecutors diligently complying with their discovery obligations. That a defendant may not be entitled to subpoena certain records does not necessarily mean that the United States has no obligation to produce those *162 same records if, for example, they contain material falling with the scope of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ; Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), or any other rule of disclosure. The Court assures Pereira that it will remain vigilant in ensuring that the United States complies with all discovery obligations.
IV. Conclusion
For the reasons sets forth above, Pereira's second motions to compel are DENIED . (Docket Nos. 2273 and 2274.)
IT IS SO ORDERED .